Ralph S. MAJOR, Jr., d/b/a Major & Associates, Appellant,

v.

ORTHOPEDIC EQUIPMENT COMPANY, INC. and Frank I. Saemann, Appellees.

No. 76–1700.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 12, 1977.

Decided Aug. 11, 1977.

Waller H. Horsley, Richmond, Va. (Thomas G. Slater, Jr., Stephen L. Humphrey, Hunton & Williams, Richmond, Va., on brief), for appellant.

Kenneth V. Farino, Richmond, Va., for appellees.

Before WIDENER and HALL, Circuit Judges, WYZANSKI,* Senior District Judge.

WIDENER, Circuit Judge:

This diversity case comes to us on appeal from the district court's order [1] treating an accompanying memorandum opinion as a clarification of a previously entered injunction. As such, this is not a final order which may be appealed from under 28 U.S.C. § 1291, nor does it meet the special conditions for interlocutory appeals under 28 U.S.C. § 1292(a)(1) and (b). We therefore are without jurisdiction to hear the appeal from this order and accordingly dismiss it.

By contract dated September 15, 1969, Ralph Major, the appellant, became the exclusive distributor in Virginia, North Carolina, South Carolina, and West Virginia,[2] for medical and hospital supplies manufactured by Orthopedic Equipment Company, Inc. (OEC), an Indiana Corporation. OEC, the appellee, specializes in the manufacture of orthopedic implants.

Soon after the parties entered the contract of distributorship a dispute arose over the meaning of the contract's paragraph 15:

---

\* United States District Court for the District of Massachusetts, sitting by designation.

1. The district court's order appealed from reads in pertinent part:

"In accordance with the memorandum of the Court this day filed, it is ADJUDGED and ORDERED that:

(1) The Court's accompanying memorandum shall be treated as a clarification as prayed for by the defendants."

2. The parties later agreed to change the territory deleting South Carolina and including Maryland and the District of Columbia.

"15. BEST EFFORTS: During the term of this Agreement and any renewal period, DISTRIBUTOR shall exert his best efforts to sell and promote COMPANY'S products. At no time shall DISTRIBUTOR sell or promote, directly or indirectly, any items of merchandise normally sold in the medical and hospital field which are not invoiced by the COMPANY. It is understood that DISTRIBUTOR'S primary obligation is to sell and promote COMPANY'S products but nothing contained herein, however, is intended to prohibit DISTRIBUTOR, as an independent contractor, from engaging in fields of endeavor other than the sales of products normally sold in the hospital and medical fields."

The district court found "throughout its relationship with Major under the agreement, Orthopedic . . . consistently interpreted paragraph 15 as prohibiting the distributor from *representing* other companies who sold products in the hospital and medical field. . . . However, Orthopedic has, as a sound business practice always allowed, in spite of the express language in the agreement to the contra, distributors to supply customers with any product they request, even if Orthopedic manufacturers a competing product, in order to preserve their client accounts."

The original dispute apparently arose when Major became the representative for another company. OEC notified Major, by letter of March 25, 1972, it had therefore terminated his contract but he could retain his distributorship in Virginia if he would agree to abandon his course of conduct. The letter closed saying unless Major notified OEC of his intent to do so, it would interpret his silence "as your wish to be fully terminated in which case all monies owed you will be withheld pending the return and reconciliation of your sample account."

Major did not respond but instead attempted to salvage the relationship through negotiation. The attempt failed, and OEC set a date for collection of Major's samples and notified Major's customers that another distributor would replace him. Major filed suit requesting the court to enjoin OEC from collecting Major's samples, from communicating to Major's customers, from withholding due and owing dealer override payments, from authorizing others to make sales in Major's territory, from making such sales in Major's territory, from combining to injure Major in his reputation and business, from interfering with Major's exclusive distributorship, and from contacting Major's employees, representatives or agents except as provided by the contract.

The district court entered a temporary restraining order substantially as Major requested and subsequently denied two motions by OEC to dissolve the TRO. On May 25, 1972, the court entered an order giving effect to the parties' stipulated preliminary injunction, and in December 1972, OEC consented to the permanent injunction Major prayed for in one paragraph of the complaint. On May 15, 1973, the court, by order, issued its final order and the stipulated permanent injunction, incorporating the parties' terms of settlement, a part of which was that the contract of September 15, 1969 "shall remain in full force and effect."

The court later held OEC in contempt and at the hearing to determine a sanction the court again admonished the parties to "stick to what the situation was as of the time of the injunction unless you can agree to change it."

When Major again began representing other manufacturers, OEC filed a motion for clarification of the injunction. The court's order and memorandum in response to this motion are the subjects of the present appeal. In its opinion, the court noted that Major was not representing any other companies when the temporary restraining order was issued, throughout the pendency of the action, when the action was settled or when the permanent injunction was issued. Therefore, the court found Major violated the agreement and the May 13, 1973 injunction by contracting to represent Sorenson and Diffusion Sales after the permanent injunction.

28 U.S.C. § 1291 gives the courts of appeals jurisdiction of appeals from all final decisions of the district courts. A decree is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce what has been determined. *St. Louis, Iron Mountain & Southern R. R. Co. v. Southern Express Co.*, 108 U.S. 24, 28–29, 2 S.Ct. 6, 27 L.Ed. 638 (1882). But the order accompanying the court's opinion took no action although the opinion found that Major had violated the injunction and the contract. It did not hold Major in contempt or impose any sanction. It therefore cannot be appealed as a contempt of court, either civil or criminal, and since it did not dispose of the case, the order is not final.

The order did no more than find Major had violated the prior injunction and the contract. Although it did not direct anything further to be done, it clearly anticipated that in order to dispose of the matter, OEC would take some further action before the court either to have Major held in contempt, or to avoid the injunction, or other action, any or all of them. It is therefore not a final order. See *McGourkey v. Toledo & Ohio Ry.*, 146 U.S. 536, 545, 13 S.Ct. 170, 36 L.Ed. 1079 (1892); *International Silver Co. v. Oneida Community*, 93 F.2d 437 (2d Cir. 1937).

Indeed, OEC immediately filed a motion to dissolve the injunction. This motion has not been considered. Instead, the parties agreed to stay the motion until the appeal of the order to this court. In so doing, we think they ask us to render an advisory opinion, which, of course, we are without jurisdiction to do. *U. S. Const. Art. III; Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

Nor is the district court's order an interlocutory order appealable under 28 U.S.C. § 1292(a)(1); which reads:

"(a) The courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, . . ."

But the district court has neither dissolved nor refused to dissolve this injunction. Nor has it continued or modified the injunction. It is simply an interpretation, not appealable under 28 U.S.C. § 1292(a)(1).

Finally, we note this is not a case which has been certified under Rule 54(b) or 28 U.S.C. § 1292(b) even if it could or should be.

Because this appeal is from an order not yet final under 28 U.S.C. § 1291 and which does not continue, modify, dissolve, or refuse to dissolve or modify an injunction under § 1292(a)(1), it is accordingly

*DISMISSED.*