**ASSOCIATION OF COMMUNITY ORGA- NIZATIONS FOR REFORM NOW (ACORN), et al., Plaintiffs–Appellees,**

v.

**ILLINOIS STATE BOARD OF ELEC- TIONS, et al., Defendants–Appel- lants.**

No. 95–3456.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 16, 1995.

Decided Jan. 26, 1996.

Judson H. Miner, Jeffrey I. Cummings, Barack H. Obama, Davis, Miner, Barnhill & Galland, Chicago, IL, for Association of Community Organizations for Reform Now, Equip for Equality, Incorporated, Jacqueline Andrade, Gwendolyn Coleman, Chinetha Dixon, and Joey L. Wooden.

Thomas R. Meites, Joan H. Burger, Lynn S. Frackman, Paul W. Mollica, Meites, Frackman, Mulder & Burger, Chicago, IL, for League of Women Voters of Illinois, Catherine A. Calder, and Rene D. Luna.

Maria G. Valdez, Mexican American Legal Defense & Education Fund, Chicago, IL, Arthur Aram Baer, Puerto Rican Legal Defense and Education Fund, Inc., New York City, for League of United Latin American Citizens.

Michele M. Fox, Office of the United States Attorney, Civil Division, Appellate Section, Chicago, IL, Steven H. Rosenbaum, Samuel R. Bagenstos, Department of Justice, Civil Rights Division, Appellate Section, Washington, DC, Tricia A. Tingle, Barry H. Weinberg, Elizabeth Johnson, United States Department of Justice, Washington, DC, for U.S.

James R. Carroll, Roger Flahaven, Office of the Attorney General, Chicago, IL, Daniel N. Malato, Cara L. Smith, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for defendants-appellants.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

The plaintiffs have moved to dismiss the defendants' appeal from an order of the district court on the ground that it is not an appealable order. The motion raises questions concerning federal appellate jurisdiction in the context of a major constitutional litigation. The plaintiffs had brought suit to enforce the federal "motor voter" law (National Voter Registration Act of 1993, 42 U.S.C. §§ 1973gg *et seq.*) against the governor and other officials of the State of Illinois, which had refused to comply with the law on the ground that it was unconstitutional. We upheld the constitutionality of the law and affirmed so much of the district court's injunction as commanded the defendants to obey it. *Association of Community Organizations for Reform v. Edgar,* 56 F.3d 791 (7th Cir. 1995). That was last June. The district judge then scheduled monthly status hearings to monitor the defendants' compliance with the injunction. The state board of elections submitted a plan of compliance to which the plaintiffs raised three objections at the August status hearing. The judge directed the parties to brief these objections and after they did so he issued a "memorandum opinion and order" on September 6 addressing the issues. The first two objections were to regulations that the board of elections had promulgated concerning verification of the addresses of new registrants and challenged-voter forms; the third was to the plans' failure to provide for oral assistance in Spanish to prospective registrants. The judge held the regulations "invalid" as inconsistent with the motor-voter law, and with regard to the issue of oral assistance he directed the defendants "to come prepared to [address the issue] at the next status hearing." He did not, however, issue any order that purported to enjoin the regulations.

The defendants argue that the order is a final decision and therefore appealable under 28 U.S.C. § 1291. One of the plaintiffs, the United States, agrees that the order is appealable but believes that it is appealable not as a final decision but as an order modifying an injunction. 28 U.S.C. § 1292(a)(1). The order in fact seems to fall between two stools. It is not final in any

ordinary sense of the word, since compliance proceedings continue before the district court with regard to Spanish-language assistance and no doubt other issues as well. And it does not purport to modify the injunction. It interprets the injunction, but interpretations of injunctions as distinct from modifications of them are not appealable, provided they really are interpretive, and do not change the meaning of—that is, modify—the original injunction. *Motorola, Inc. v. Computer Displays Int'l, Inc.,* 739 F.2d 1149, 1155 (7th Cir.1984); *In re Ingram Towing Co.,* 59 F.3d 513, 516 (5th Cir.1995); *Mikel v. Gourley,* 951 F.2d 166, 168–69 (8th Cir.1991). Yet there is a felt need, reflected in the submission by the United States, for prompt definitive resolution of legal disputes arising in what may be a protracted postjudgment proceeding to bring Illinois into compliance with the motor-voter law.

■ The position of the United States is untenable. To modify an injunction is to change it. The injunction has not been changed. It commanded Illinois to comply with the motor-voter law; it still commands that. An injunction that merely commands compliance with a statute (in order to attach the sanction of contempt to continued noncompliance) is as vague as the statute, and invites interpretation. Whether a requirement of verifying a new voter's address violates the statute and consequently the injunction as well is an archetypal issue of interpretation and the resolution of it clarifies, it does not modify, the injunction. Cf. *Major v. Orthopedic Equipment Co.,* 561 F.2d 1112 (4th Cir.1977). A misinterpretation would be a modification, because it would change the meaning of the original injunction. *Wilder v. Bernstein,* 49 F.3d 69, 72 (2d Cir.1995). But in a case such as this, where the injunction is vague (though not so vague as to be unenforceable by contempt proceedings and thus a nullity), supplementary rulings particularizing its requirements are unlikely to be challengeable as misinterpretations.

■ Had the judge couched his rulings as supplementary injunctions, they would be appealable even if they did no more than make explicit what had been implicit in the original, vague injunction. Injunctions are appealable under section 1292(a)(1) whether they are primary or supplementary. *Eli Lilly & Co. v. Medtronic, Inc.,* 915 F.2d 670, 673 (Fed.Cir.1990). The statute makes no distinction.

■ The defendants' position on appealability, as opposed to that of the United States, depends on the uncertain meaning of "final decision" in postjudgment proceedings. The injunction that we modified and affirmed in our previous decision was a final judgment—so when are subsequent orders "final"? The simplest and most sensible approach, one that we have expressly endorsed, most recently in *Resolution Trust Corp. v. Ruggiero,* 994 F.2d 1221, 1224–25 (7th Cir. 1993), is to treat the postjudgment proceeding as a free-standing litigation, in effect treating the final judgment as the first rather than the last order in the case. Our decision last June kicked off a postjudgment proceeding that will end, unless the parties reach an agreement, with a judicial order setting forth the steps that Illinois must take to comply with the injunction that it obey the motor-voter law. That order will be appealable as a final decision under section 1291; interim orders will be appealable only if they meet the criteria for the appealability of interlocutory orders. The order issued by the district judge in September is clearly one of the interlocutory orders. It is not appealable, because it does not fit into the pigeonhole for orders modifying injunctions or into any of the other pigeonholes for interlocutory appeals. See *Major v. Orthopedic Equipment Co., supra,* 561 F.2d at 1115.

■ We do not want to be besieged by successive appeals in injunctive proceedings. The position of the defendants, if accepted, would make virtually all postjudgment orders immediately appealable. If the board of elections wants to stick to its guns, it can refuse to submit a compliance plan that omits the regulations that the district judge believes invalid. Although an order to submit a plan of compliance, like a discovery order, is not an injunction, *Mercer v. Magnant,* 40 F.3d 893, 896 (7th Cir.1994), the refusal to obey such an order might be punishable as a

contempt, and if so the refuser could then obtain appellate review of the order by appealing from the judge's imposition of a sanction for contempt. *Cobbledick v. United States,* 309 U.S. 323, 328, 60 S.Ct. 540, 542–43, 84 L.Ed. 783 (1940); *In re Establishment Inspection of Skil Corp.,* 846 F.2d 1127, 1129 (7th Cir.1988). Were there any doubt about the mandatory character of the judge's order, he could embody it in a mandatory injunction, which would be appealable without the interim steps of defiance and sanction. Such severe measures are unlikely here despite the judge's evident exasperation with what he regards as the state's foot-dragging. Comity has its claims. Far more likely would it be for the judge to devise his own plan of compliance and order the state to put it into effect. At that point there would be a final decision from which the state would be entitled to appeal.

The United States points out, sensibly as it seems to us, that the dispute over appealability would have been avoided had the district judge, instead of issuing "orders" invalidating state regulations, simply directed the state to submit a compliance plan and then rejected it as noncomplying in various particulars. There would be no basis for arguing that the rejection was an appealable order. But this is, from a practical standpoint, what the judge did; and the fact that he used inapt words ought not convert an unappealable ruling into an appealable order.

The appeal is therefore

DISMISSED.