**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIMMY JONES,
<u>Plaintiff-Appellant,</u>

v.

No. 96-2114

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

JIMMY JONES,
<u>Plaintiff-Appellee,</u>

v.

No. 96-2118

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-95-361-5-H)

Argued: June 2, 1997

Decided: July 3, 1997

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

ARGUED: William D. McNaull, Jr., Charlotte, North Carolina, for Appellant. John Lester Sarratt, KILPATRICK STOCKTON, L.L.P., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Karen F. Gray, KILPATRICK STOCKTON, L.L.P., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmy Jones began selling insurance for Colonial Life & Accident Insurance Company (Colonial Life) in 1962. Eventually, Jones entered into a formal Marketing Director Agreement (the Agreement) with Colonial Life. Among other things, the Agreement required Jones to recruit, train, and motivate new independent agents to sell Colonial Life insurance. As compensation, Jones received a commission on all premiums received by Colonial Life on policies sold by the agents under him, and a commission on each of these policies that was renewed. The Agreement provided that, if it were terminated, Jones would no longer receive sales commissions.[1] Nevertheless, Jones was entitled to the renewal commissions for the remainder of his life or 20 years, whichever was longer, provided he did not compete with Colonial Life in the future (Forfeiture Clause).[2]

On January 2, 1995, Colonial Life terminated the Agreement.

_____
[1] Under the Agreement, Jones could be terminated only for cause.
[2] The Agreement also contained a covenant not to compete (Non-Compete Clause), wherein Jones was prevented from competing with Colonial Life for a period of two years after termination of the Agreement.

2

Shortly thereafter, Jones instituted this action.**3** In his complaint, Jones alleged that Colonial Life breached the Agreement (Count I), and engaged in unfair or deceptive acts or practices (Count II). In addition, Jones sought a release from the Forfeiture and Non-Compete Clauses of the Agreement.

Prior to trial, the district court dismissed Count II pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On May 17, 1996, the jury returned a verdict that Colonial Life had breached the Agreement but did not award any damages to Jones. The district court entered a judgment for Jones in accordance with the jury's verdict, and denied Jones's motion for a new trial on the issue of damages and Colonial Life's motion for judgment as a matter of law on the issue of breach of contract. Jones filed his notice of appeal on July 31, 1996 and Colonial Life filed a notice of cross-appeal on August 6, 1996.

With limited exceptions not relevant here, we are empowered to review only final decisions of the district courts. See 28 U.S.C.A. § 1291 (West 1993). A decision "is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce what has been determined." Major v. Orthopedic Equipment Co., 561 F.2d 1112, 1115 (4th Cir. 1977). Here, the district court has not disposed of Jones's request for declaratory relief.**4** As such, this is not a final order which may be appealed under 28 U.S.C.A. § 1291. We therefore are without jurisdiction to hear the appeal and accordingly dismiss it.

DISMISSED

---

**3** Jones filed suit against Colonial Life on March 20, 1995, in the Wake County Superior Court. Colonial Life removed this case to the Eastern District of North Carolina based upon diversity of citizenship.

**4** Colonial Life argues that Jones abandoned his claim for declaratory relief and that the district court's decision was, therefore, an appealable final order. See, e.g., National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 705-07 (5th Cir. 1994) (holding that the omission from the judgment of an abandoned claim did not prevent the

judgment
from being final). Based on the record before us, we believe it best to
allow the district court to decide whether Jones abandoned his claim for
declaratory relief.

3