**William F. FORD, Plaintiff–Appellant,**

v.

**Thomas NEESE, et al., Defendants–Appellees.**

**No. 96–2127.**

United States Court of Appeals, Seventh Circuit.

Submitted June 13, 1997.

Decided July 17, 1997.

pay throughout his lifetime for his life insurance and health policies with the union. In exchange, he agreed to drop the suit (and appended to the agreement is a comprehensive release executed by him), to quit the union, and to stop running for union office. The agreement is recited in an order signed by the district judge which ends by dismissing the suit "without prejudice to reinstatement in the event that the ... payments are not made by the defendant union" in accordance with the agreement.

In 1991 Ford filed a motion in the district court requesting that his suit be reinstated for the purpose of enforcing the settlement agreement. He claimed primarily that the union had failed to make some of the required payments for his health policy. The district judge (a different one—the original one having retired) agreed, ordered the union to make the payments, and again dismissed the suit without prejudice and with leave to reinstate should the agreement again not be complied with. In 1994, Ford filed another, similar motion. The judge again agreed with Ford and ordered the union to make the payments. But the 1994 motion had a new wrinkle. The union had terminated the pension plan in which Ford had been enrolled. Ford had received an annuity upon termination, and he claimed that he was entitled to a cost of living adjustment to the annuity. The judge held that this was a claim under ERISA, and "should be addressed as a separate lawsuit brought under ERISA. That procedure would allow an appropriate framing of the issues, which can be refined through motions to dismiss and motions for summary judgment, to the great benefit of the parties and the courts." The judge's order grants Ford the other relief he asked for, but not the COLA, and he has appealed, arguing among other things that the release that he executed back in 1978 prevents him from bringing a separate suit with regard to the COLA. The defendants have not appealed from the part of the order that runs against them.

William F. Ford (submitted on briefs), Elmhurst, IL, Pro Se.

John M. Cutrone, Santo J. Volpe, Chicago, IL, for Defendants–Appellees.

Patrick J. Calihan, John M. Cutrone, Santo J. Volpe, Chicago, IL, for Production Workers Union of Chicago and Vicinity.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

POSNER, Chief Judge.

This litigation is a procedural tangle, and an effort to disentangle it may provide helpful guidance for the future. It began more than two decades ago, in 1976, when William Ford, a former officer of a labor union in Chicago, brought suit against the union and its then-current officers to enforce his democratic rights under the Landrum–Griffin Act. The suit was settled in 1978 by an agreement that required the defendants, among other things, to pay for Ford's contributions to the union's pension plan for two years, and to

The judge said that his order is "final and appealable." It is appealable, but it may not be final; we cannot find any order actually dismissing Ford's reinstated suit. The order, however, is appealable even if not

final. The judge made clear in his opinion that he will treat the union's breach of the order as a contempt. The order must therefore be injunctive in character, and therefore appealable without regard to finality. 28 U.S.C. § 1292(a)(1); *Board of Education v. Illinois State Board of Education*, 79 F.3d 654, 657 (7th Cir.1996). The injunction, it is true, runs against the union, and the union is not the appellant. But the statute allows the immediate appeal of orders denying or refusing to modify injunctions, as well as orders granting or modifying them, and Ford is seeking a modification. He wants the order enlarged, that is, changed, that is, modified, *Association of Community Organizations for Reform Now (ACORN) v. Illinois State Bd. of Elections*, 75 F.3d 304, 306 (7th Cir. 1996), to embrace the COLA. The order as we said is injunctive in character because violations of it are punishable as contempts; that would be as true of the enlarged as of the original order. Ford is not seeking merely an interpretation of the order, which would not be appealable immediately. *Id.*; *Motorola, Inc. v. Computer Displays Int'l, Inc.*, 739 F.2d 1149, 1155 (7th Cir.1984). The order makes no reference, explicit or implicit, to a COLA. Ford seeks to change the order to make it conform to his understanding of the settlement agreement that the order enforces. So we have appellate jurisdiction, and proceed to the merits.

█ The reason the judge gave for refusing to decide whether Ford is entitled to the COLA is not good. Any framing and refining of issues, en route to a disposition of the claim, can be as easily accomplished on the basis of the motion to reinstate as it could be on the basis of a complaint that incorporated the allegations in the motion. A better ground for dismissing the claim, though not good enough, is that, as we noted just the other day in *Unelko Corp. v. Prestone Products Corp.*, 116 F.3d 237, 239 (7th Cir.1997), the violation of an agreement to settle a federal suit does not, despite its origin, arise under federal law unless the federal court has retained jurisdiction to enforce the terms of the settlement. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381–82, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994); *Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir.1994). Did the district court do that

here? Technically not; it dismissed Ford's suit back in 1978, when the settlement agreement was made, but at the same time it granted leave to reinstate the suit for the purpose of enforcing the settlement. The parties and the judges have, however, treated the form in which the suit was dismissed as a form of retention of jurisdiction from the very outset. A minute order by the judge in 1991 speaks of retaining jurisdiction, and the judge had told the parties at a status hearing three days earlier that he was retaining jurisdiction, as he had the indubitable power to do. *In re VMS Securities Litigation*, 103 F.3d 1317, 1321–22 (7th Cir.1996). The implication is that jurisdiction had never been lost—that it had been retained from the outset, in 1978, and never relinquished—to enable the settlement agreement to be enforced.

It would be helpful to all concerned if when judges retained jurisdiction of a case they said so rather than using the Aesopian "dismissed with leave to reinstate" formula, which they do presumably so that the case will not be carried on their docket where it might mar the judge's statistical showing of prompt disposition of the cases assigned to him. *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir.1994) (en banc); *Adams v. Lever Bros. Co.*, 874 F.2d 393, 396 (7th Cir. 1989). But as it is apparent despite the misleading terminology that the judge intended to retain jurisdiction of this case in order to enable the parties to seek enforcement of a settlement agreement intended to operate until the plaintiff's death, we shall treat the case as if the judge had said what he meant, as we did in *McCall–Bey v. Franzen*, 777 F.2d 1178, 1188–89 (7th Cir.1985).

█ Ford has in any event an independent jurisdictional basis for his COLA claim— ERISA. The COLA claim is based on an ERISA case, *Hickey v. Chicago Truck Drivers Union*, 980 F.2d 465 (7th Cir.1992). See also *Jordan v. Retirement Comm. of Rensselaer Polytechnic Institute*, 46 F.3d 1264 (2d Cir.1995); *Schaefer v. Arkansas Medical Society*, 853 F.2d 1487 (8th Cir.1988). This obviates any lingering doubts about the district court's jurisdiction but it is also a clue that the claim is not within the scope of the 1976 suit. For that was not an ERISA suit.

More to the point (since the COLA claim might have other legal foundations besides ERISA), there is no possibility of basing the COLA claim on the settlement agreement. So far as pensions are concerned, all the agreement requires is that the union pay Ford's contributions to its pension plan for two years. This period, and with it any duty founded on the agreement, expired in 1979. There is nothing in the agreement about what happens if the pension plan terminates. The reason for the omission may have been that, because it was an ERISA plan, Ford's rights under it would be protected by ERISA. Whether he kissed away those rights in the release that he executed is a matter to be resolved when and if the defendants invoke the release in defense of an ERISA claim. Ford seems to think that the settlement agreement provides a framework for resolving all future disputes between himself and the union. It does not. Its provisions are specific, not open-ended, and include nothing that could be construed as the conferral upon him of rights against the union in the event that the pension plan in which he was enrolled was terminated.

█ It doesn't follow from the fact that the COLA claim is separate from the pending suit (the continuing 1976 suit) that Ford has to bring a brand-new suit in order to press the claim. Joinder of claims in a single complaint is of course permitted, Fed. R.Civ.P. 18(a), so he can move to amend his original complaint (now reinstated) to add an ERISA claim. Fed.R.Civ.P. 15(a). Obviously, however, the fact that you have a suit pending against someone doesn't entitle you to keep adding claims against him, year after year. Amending in 1997 a complaint filed in 1976 is not routine; the district judge would have discretion to refuse to allow Ford to do it. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Tamari v. Bache & Co. (Lebanon) S.A.L.,* 838 F.2d 904, 908–09 (7th Cir.1988); *Abramson v. Gonzalez,* 949 F.2d 1567, 1581 (11th Cir. 1992). The latter two were cases of egregious delay in which the district judge's refusal to permit an amendment to the com-

plaint was upheld against the charge of being an abuse of discretion. This may be a case of egregious delay too, or a case in which the new claim does not relate back to the original one, Fed.R.Civ.P. 15(c)(2), and so is barred by the statute of limitations. But in contrast to the cases that we have just cited, the judge hasn't exercised his discretion—the passage we quoted earlier gives no reason for requiring that the COLA claim be brought as a separate lawsuit. And the statute of limitations has not been addressed. Ford is not represented by counsel, plainly a source of great and perhaps warranted irritation to the district judge. But the judge acted prematurely in dismissing the COLA claim without giving Ford an opportunity to seek leave to amend his complaint. The order, insofar as it dismisses the COLA claim, is therefore vacated, and the case remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED, WITH DIRECTIONS.