In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3811

ROY WIRTZ, *et al.*,

*Plaintiffs-Appellees*,

*v.*

CITY OF SOUTH BEND,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:11-cv-00325-RLM-CAN—**Robert L. Miller, Jr.**, *Judge.*

SUBMITTED JANUARY 17, 2012—DECIDED FEBRUARY 7, 2012

Before CUDAHY, POSNER, and MANION, *Circuit Judges.*

POSNER, *Circuit Judge.* This motion to dismiss an appeal in a case arising under the First Amendment's establishment clause presents a novel jurisdictional issue: whether a municipal land use case can come within the exception to the doctrine of mootness for cases that are capable of repetition yet elude review. There is also an issue of timeliness.

The City of South Bend bought a tract of land with the intention of transferring it to a Catholic high school

adjoining the tract, on which the school wanted to build an athletic complex. The City asked in exchange only the right to use the athletic complex at specified times. Before the transfer took place, several residents of South Bend sued to enjoin it on the ground that it was effectively a gift of public property to a religious institution and thus violated the establishment clause, since no effort had been made to attach a pecuniary value to the use right that was the only compensation the City sought. The district court granted a preliminary injunction. The merits of the controversy are not before us.

The City could of course have appealed from the grant of the injunction, 28 U.S.C. § 1292(a)(1), but did not. Instead it filed a motion to modify the injunction to permit it to sell the land to the high school at a price equal to the average of two appraisals of the property (we'll call that price the "appraised value"). The district court denied the motion on the ground that by not opening the property to bidding the City was sending a message of endorsement of Catholicism. Again the City did not appeal, as it could have done, since a refusal to modify a preliminary injunction is an appealable order. *Id.*; *Ford v. Neese*, 119 F.3d 560, 562 (7th Cir. 1997); *Favia v. Indiana University of Pennsylvania*, 7 F.3d 332, 337 (3d Cir. 1993). Instead it moved for another modification, essentially to allow it to sell the property to the highest bidder—so it was throwing in the towel. Naturally the district court agreed to the modification, and the City sold the property to the highest bidder—which was the high school. No surprise

there; the property was adjacent to the school and needed by it for the planned athletic complex. The plaintiffs were content, and the litigation, one might have thought, was at an end.

Not so. The City has appealed. The plaintiffs have moved to dismiss the appeal on the ground that it is both untimely and moot, either being of course a sufficient ground; they turn out to be interrelated.

The appeal is from the final judgment, dissolving the injunction after the sale of the property, but it does not challenge that dissolution; the City has sold the property to the high school and does not seek to undo the sale. Instead it challenges two interlocutory orders denying motions it made in the course of the litigation. It characterizes the first motion, which asked the district court to modify the injunction to allow the sale to the high school at the appraised value, as also asking the court to reconsider its refusal to allow the sale in exchange just for a use right; and it describes the second motion as asking the court not only to allow sale to the highest bidder at an open auction but also to reconsider its ruling that the City could not sell the property at the appraised value. We'll accept the City's characterization of the motions to modify the injunction as also seeking reconsideration of the denials of previous relief sought by the City.

Had the district judge refused to dissolve the injunction after the City asked that it be modified to allow sale of the property to the highest bidder, and the City appealed, it could have argued that the injunction

should have been dissolved because either the sale in exchange for use rights or the sale at the appraised value—the City's preferred options—should have been allowed. But it cannot appeal from the dissolution of the injunction because that hasn't harmed it. There can be no question of reinstating the injunction, now that the land has been sold to the high school. The City is challenging the grant of the initial injunction long after it was granted, along with the refusal of the district court to modify that injunction to allow the sale at the appraised value long after that refusal.

Although the City is thus challenging two appealable orders—the initial injunction and the denial of the first modification that it sought (the modification that if granted would have permitted sale to the high school at the appraised value of the land)—the challenge is untimely. Had the City challenged the district court's final order, the order dissolving the injunction, it could also have challenged any interim rulings that had not become moot. E.g., *Rubin v. Islamic Republic of Iran*, 637 F.3d 783, 790-91 (7th Cir. 2011); *Pearson v. Ramos*, 237 F.3d 881, 883 (7th Cir. 2001). But the final order—the dissolution of the injunction—was sought by the City. A party cannot appeal a judgment that it won, unless it seeks a modification of the judgment, see, e.g., *Board of Trustees of University of Illinois v. Organon Teknika Corp.*, 614 F.3d 372, 374-75 (7th Cir. 2010); *Mueller v. Reich*, 54 F.3d 438, 441 (7th Cir. 1995); *In re Montgomery County*, 215 F.3d 367, 372 (3d Cir. 2000), which the City does not. The only orders the City could have appealed from it failed to appeal from in time.

The appeal is moot as well as untimely. The City does not want to unwind the sale to the high school at the price bid by the school—it does not ask to be allowed to give the money back in exchange for the use right that the City originally sought, or to give back so much of the money that it received in the sale as exceeds the appraised value.

Against dismissing the appeal on the ground of mootness the City invokes the principle that decisions of cases capable of repetition but evading review are reviewable even though moot. *Norman v. Reed*, 502 U.S. 279, 287-88 (1992); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam); *Bowens v. Quinn*, 561 F.3d 671, 673 (7th Cir. 2009); *Tobin for Governor v. Illinois State Board of Elections*, 268 F.3d 517, 528-29 (7th Cir. 2001). For example, a pregnant woman can challenge a prohibition of abortion even after she gives birth to the child that she had wanted to abort in its fetal state, if it wouldn't have been possible for her to litigate the case to judgment before it was too late for the abortion and if she might become pregnant again and want to abort again. *Roe v. Wade*, 410 U.S. 113, 125 (1973); *Fitzgerald v. Porter Memorial Hospital*, 523 F.2d 716, 717 n. 3 (7th Cir. 1975); *Doe v. Poelker*, 497 F.2d 1063, 1066-67 (8th Cir. 1974).

The City argues that the reason it didn't appeal from either the grant of the initial injunction or the denial of its first motion to modify the injunction was that the high school needed to begin construction of the athletic complex immediately in order to complete it by the beginning of the 2012 school year. It argues that the

district court's rulings establish precedents that will prevent the City from transferring land to religious institutions in the future and that if and when that happens the negative effect of litigation delay on plans for the development of land will again prevent it from appealing the foreseeable injunction. A district court decision does not have precedential effect, *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005); *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987)—that is, it is not an authority, having force independent of its reasoning, and to which therefore a court with a similar case must defer even if it disagrees, unless the circumstances that justify overruling a precedent are present. But the district court's decision might place a cloud over future transactions similar to the one that led to the issuance of the injunction.

However, the fact that a dissolved injunction may have consequences even though the case in which it was issued is now moot is not a permissible ground for invoking the doctrine that allows the appeal of moot cases that are capable of repetition but evade review. It is true that when the timing of a project, whether it is a real estate development, a merger, the licensing of a patent, or the unveiling of a new product, is critical, an injunction, though immediately appealable, may kill the project before the appellate court can act. But to allow this as a ground for permitting moot cases to be appealed would bring an unmanageable host of such cases into the appellate courts. A court would have to wrestle in every case with uncertain questions about whether an injunction that had not been appealed had had or would have

a future impact that should justify allowing an appeal even though it had become moot. The City admits that it has found no precedent for so broad and vaguely bounded an exception to the rule of the nonappealability of moot cases.

There is more that is wrong with the City's appeal to the exception to mootness for cases capable of repetition but eluding review. The exception applies only when the subject is likely to arise again between the same litigants. See *Weinstein v. Bradford, supra*, 423 U.S. at 149; *Sosna v. Iowa*, 419 U.S. 393, 399-400 (1975). That is unlikely in this case. And the exception should not apply when the party seeking to invoke it made the case moot by its deliberate action, as the City did by failing to appeal from two appealable orders, then proposing a modification that if adopted precluded a further appeal by mooting the case.

The City overlooked a simple alternative to the convoluted maneuvering by which it sought to present its constitutional contentions to us. That was to file a timely appeal from the grant of the original injunction and ask us to stay the injunction and, more important (since a mere temporary stay would be unlikely to induce the high school to start construction on the land), to accelerate our decision of the appeal. Appellate courts can act quickly when there is a compelling reason for them to do so. Requests for stay pending appeal are common and are acted on with dispatch, see, e.g., *Wisconsin Right to Life State Political Action Committee v. Barland*, 664 F.3d 139 (7th Cir. 2011); *Lindstrom v. Graber*, 203 F.3d

470, 474 (7th Cir. 2000); *Silverman v. CFTC*, 562 F.2d 432, 434 (7th Cir. 1977)—often within days. See, e.g., *Judge v. Quinn*, 624 F.3d 352, 357 n. 1 (7th Cir. 2010); *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 546, 549 (7th Cir. 2007); cf. *Nader v. Keith*, 385 F.3d 729, 731 (7th Cir. 2004); *Lindland v. U.S. Wrestling Ass'n, Inc.*, 227 F.3d 1000, 1002 (7th Cir. 2000).

The injunction was issued on September 7, 2011. The City promptly filed its first motion to modify, which the district court rejected on October 19, whereupon the City threw in the towel and agreed to open bidding. Had the City appealed from the grant of the initial injunction while at the same time asking the district court in the alternative to modify it to permit sale of the City's parcel to the high school at the appraised value, this court could have decided both the appeal from the injunction and an appeal from the October 19 denial of the modification by November 21. That was when the district court dissolved the injunction and was apparently in time for the high school to complete the athletic complex by the opening of the 2012 school year. The district court had done the heavy lifting by conducting an injunctive proceeding; the appellate process would have been swift.

The appeal, untimely and moot, is dismissed.