In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3261

JOHN SMENTEK, *et al.*, individually and on behalf
of all others similarly situated,

*Plaintiffs-Appellees*,

*v.*

THOMAS J. DART, Sheriff of Cook County, and
COOK COUNTY, ILLINOIS,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 529—**Joan Humphrey Lefkow**, *Judge*.

SUBMITTED APRIL 23, 2012—DECIDED JUNE 19, 2012

Before POSNER, WOOD, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. John Smentek and others, former
inmates of Cook County Jail, are plaintiffs in this
class action suit under 42 U.S.C. § 1983 against the
County and its sheriff. The suit, filed in the federal
district court in Chicago, charges that the defendants'
failure to make more than a single dentist available to

the jail's 10,000 inmates constitutes the imposition of cruel and unusual punishment and thus violates both the Eighth Amendment and the due process clause of the Fourteenth Amendment.

Most people held in jails as distinct from prisons, including most members of the plaintiff class, are pretrial detainees, and the cruel and unusual punishments clause does not apply to persons who though incarcerated have not been convicted and so are not being subjected to "punishment." But the due process clause has been interpreted to provide equivalent protection. E.g., *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000). It is because some of the members of the class are convicts housed in Cook County Jail that the suit advances claims under both amendments.

Vincent Smith, another former inmate of Cook County Jail, had brought a nearly identical suit prior to Smentek's bringing this one. Smith had asked the district court to certify a class consisting of "all persons who, while confined at Cook County Jail on and after June 29, 2005, requested but were not given timely treatment for dental pain." The district judge denied class certification in May 2008. Nine months later a different district judge in the same court denied class certification in a materially identical class action suit by still another former inmate of Cook County Jail, Lance Wrightsell. Then came *Smentek*, the third materially identical suit, filed in the same court in January 2009 and assigned to still another district judge. We don't understand why all three cases were not assigned to the same judge.

Besides the usual advantages of consolidation, it would have avoided the problem that has precipitated the appeal in this case, because a single judge would not be of different minds about three identical lawsuits.

Initially the district judge assigned to this case denied class certification on the ground that the denial in the two preceding class action suits (*Smith* and *Wrightsell*) barred, by operation of collateral estoppel, the grant of certification in the third. But the judge reversed her ruling and granted certification after the Supreme Court held in *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011), that "neither a proposed class action nor a rejected class action may bind nonparties. What does have this effect is a class action approved under Rule 23 [of the Federal Rules of Civil Procedure]." *Id.* at 2380. "The definition of the term 'party' can on no account be stretched so far as to cover a person . . . whom the plaintiff in a lawsuit was denied leave to represent." *Id.* at 2379. We applied the Court's holding in *Thorogood v. Sears, Roebuck & Co.*, No. 10-2407, 2012 WL 1508226 (7th Cir. May 1, 2012), a case like the present one in which, after denial of class certification (one denial, not two as in this case), an un-named class member filed an identical class action suit, though in a different court.

The Court in *Smith v. Bayer Corp.* suggested other means for limiting copycat class action litigation besides preclusion, and the defendants in the present case, who have petitioned us for leave to appeal under Fed. R. Civ. P. 23(f) from the grant of class certification, have fastened on one of them: "we would expect federal

courts to apply principles of comity to each other's class certification decisions when addressing a common dispute. See, e.g., *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193, 198 (2000) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936))." 131 S. Ct. at 2382.

We have granted the Rule 23(f) petition, limited to the question of when a district court, in deciding whether to certify a class, should "defer, based on the principles of comity, to a sister court's ruling on a motion for certification of a similar class."

The Court's reference to "comity" in *Smith v. Bayer Corp.* was cryptic. Neither of the two cases that the Court cited—*Cortez* and *Landis*—discusses comity; *Cortez* doesn't even mention the word. Both are cases about whether to stay one of two pending parallel suits, a question not presented by either this case or *Smith v. Bayer Corp.* No more than the two cases that the Court cited does *Smith v. Bayer Corp.* itself discuss the concept. And the similar suits at issue in that case were in different court systems—state and federal.

A standard definition of "comity" is "the respect that sovereign nations (or quasi-sovereigns such as the states of the United States) owe each other." *Philips Medical Systems Int'l B.V. v. Bruetman*, 8 F.3d 600, 604 (7th Cir. 1993); see also *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Bank of Augusta v. Earle*, 38 U.S. 519, 589 (1839); *United States v. Kashamu*, 656 F.3d 679, 683 (7th Cir. 2011); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 423-24 (2d Cir. 2005). That was a consideration in *Smith v. Bayer Corp.*, because the first class action had been

filed in a state court and the copycat class action in a federal court; it is not a factor here, where all three suits were filed in federal court and based on federal law. But as in such cases as *Landis*, the word "comity" is used in a looser sense to caution judges against stepping on each other's toes when parallel suits are pending in different courts. See *Texas Independent Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007); *Ulmet v. United States*, 888 F.2d 1028, 1031 (4th Cir. 1989). This is not such a case either, however, not only because only one court (though more than one judge) is hosting the parallel suits but also because the *Smith* and *Wrightsell* cases were over when Judge Lefkow granted the motion for class certification in the present case.

The version of comity announced in dictum in *Smith v. Bayer Corp.* is novel. It does not involve the mutual respect of sovereigns or quasi-sovereigns and it does not appear to be limited to cases in which parallel suits are pending in different courts (or before different judges) of the same sovereign. If it were so limited, it would have no application if the other parallel suits had been resolved, which may be true here, since class certification in the other Cook County Jail dental cases was denied—or at least very little application, since those cases may continue as individual suits by the former class representatives. The Supreme Court's opinion cites no authority for the extension of the doctrine of comity to mere disagreement between federal judges, and despite the reference to expecting "federal courts to

apply principles of comity to *each other's* class certification decisions" (emphasis added), the Court seems really to have been thinking about cases involving federal-state comity, of which *Smith v. Bayer Corp.* was one.

Whatever the scope of the Supreme Court's current concept of comity, the defendants' argument that *Smith v. Bayer Corp.* adopted a rule of comity in class action suits that *precludes* granting class certification in a copycat class action must be rejected; for if the Court had adopted such a rule it would have affirmed the injunction granted in the district court in that case (and affirmed by the court of appeals) against the copycat class action suit, instead of reversing, as it did. It would have been adopting a rule of preclusion rather than rejecting such a rule. True, the effect of the doctrine of comity, when it is successfully invoked, is preclusive. But unlike res judicata, it is a doctrine that does not require but merely permits preclusion, except (as we're about to see) when it governs choice of forum. The mandatory comity for which the defendants in our case contend is just another name for collateral estoppel. The defendants are wrong to think comity a synonym for collateral estoppel, which if true would as we said have required affirmance in *Smith v. Bayer Corp.*

One can *imagine* the Supreme Court's ruling that comity between district judges in class certification cases is a doctrine of preclusion, but there's no suggestion of that in *Smith v. Bayer Corp.* and it would be a surprising rule. It would give comity greater force between two judges of the same court than between two nations each

jealous of its sovereign authority and demanding respect from other nations. Not that there isn't a serious problem of judge shopping in the disordered realm of class action litigation, a problem well illustrated by this case and its two predecessors taken all together. Without a rule of preclusion, class action lawyers can do what the lawyer here (and the lawyer in *Thorogood*) did: keep bringing identical class actions with new class representatives until they draw a judge who is willing to certify the class. We are troubled to learn that when the district judge in this case certified the class there were twelve Cook County Jail dental suits pending in the Northern District of Illinois in addition to the two (*Wrightsell* and *Smith*) in which certification had been rejected, though we don't know in how many of these cases class certification was sought.

But what is the solution to the judge-shopping problem? How are courts or legislatures to prevent class action litigation from metastasizing? The rule urged by the defendants in this case that the denial of class certification bars the certification of the same or a similar class in a suit by a member of the same class as the previous suit might do the trick, but it would contradict the holding of *Smith v. Bayer Corp.*, which is that a class member who did not become a party to the previous parallel class action is not precluded from seeking class certification in his class action. Cases such as *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 103-05 (1981); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943); *Younger v. Harris, supra*, 401 U.S. at 43-44, and *Hoover v. Wagner*, 47 F.3d 845, 851 (7th Cir. 1995),

which in the name of comity bar a plaintiff from one forum because another is deemed more appropriate, are not in point; if Smentek and the other named plaintiffs are barred from seeking class certification by virtue of the previous denials, they cannot bring a class action anywhere else. They could *file* a class action claim in an Illinois state court, but the defendants' concept of comity would require the state court to dismiss it. Yet theirs is the kind of case that as a practical matter probably cannot be litigated other than as a class action because most cases of delayed treatment of dental pain do not hold out a prospect of significant damages.

We are left with the weak notion of "comity" as requiring a court to pay respectful attention to the decision of another judge in a materially identical case, but no more than that even if it is a judge of the same court or a judge of a different court within the same judiciary. We emphasize, however, the qualification in "materially identical." Even two class actions involving the same class may differ materially, for example in the suitability of the class representative or the adequacy of class counsel, and where they do the judge in the second, or third, or nth class action is on his own. This is not such a case; nevertheless the district judge gave plausible reasons for her disagreement with the judges in the two previous Cook County dental cases. Can more be required? The defendants' claim that she was bound by the decisions of the other judges just because those decisions preceded and were contrary to her decision has no basis in law and flouts the principle that a district court decision does not have precedential effect. *Camreta v. Greene*, 131 S. Ct.

2020, 2033 n. 7 (2011); *Wirtz v. City of South Bend*, 669 F.3d 860, 862-63 (7th Cir. 2012). The defendants would have such decisions treated not as mere precedents but as super-precedents that no court lacking appellate authority could question.

The district judge's grant of class certification is therefore affirmed. But this is not to say that the judge's ruling was correct; maybe the other two judges were correct. The appeal asks us to decide only whether comity between federal district judges' rulings on class certification is preclusive. We have decided: it is not.