NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014[*]
Decided February 13, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2144

| | |
|---|---|
| TONY PAYANO, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 12-cv-889-bbc |
| | |
| THOMAS L. POTTER and | Barbara B. Crabb, |
| GREGORY D. GRAMS, | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Tony Payano, a Wisconsin prisoner, seeks damages under 42 U.S.C. § 1983 for the year he spent in state prison after an appellate court vacated his conviction and ordered a retrial but before the Supreme Court of Wisconsin reinstated the conviction.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

The district court dismissed the lawsuit. Because *Heck v. Humphrey*, 512 U.S. 477 (1994), bars this suit, we affirm.

Based on the complaint's allegations, which we take as true, Payano's criminal case began in 2005 after he shot a plain-clothes police officer who was forcibly entering his apartment. He was charged with recklessly causing injury with a dangerous weapon and recklessly endangering safety. WIS. STAT. §§ 940.23(2)(a), 941.30(2). At his first trial, Payano asserted that he had acted in self-defense and testified that he was unaware that the intruders breaking down his door were police officers with a no-knock search warrant. That trial ended in a hung jury. At the second trial, an informant testified that he saw Payano in his apartment with cocaine and a gun the day before police arrived at his door. The prosecutor argued from this evidence that Payano shot the officer, not in self-defense, but to buy time to dispose of the cocaine (no drugs were found in the apartment). The jury found Payano guilty, and he was sentenced to 17½ years in prison.

Appellate proceedings gave Payano the short-lived victory that is the basis for this suit. The state's court of appeals vacated the conviction and remanded the case in 2008 for a new trial. *State v. Payano*, 752 N.W.2d 378, 388 (Wis. Ct. App. 2008). It ruled that the informant's testimony was irrelevant to Payano's claim of self-defense and also unfairly prejudicial. *Id.* at 386–88. Based on that intermediate appellate victory, Payano asked the warden to release him from prison or transfer him to a county jail that houses pretrial detainees. Prison officials never responded, and he remained in state prison. One year later, the Supreme Court of Wisconsin reversed the appellate decision. *State v. Payano*, 768 N.W.2d 832, 864–65 (Wis. 2009). It concluded that the informant's testimony about drug possession suggested why Payano might have suspected that police officers were breaking down his door and therefore, the court said, was more probative than prejudicial. *Id.* Payano sued the warden and the state prosecutor over three years later, seeking $3 million in damages for the year he spent in prison between the state court decisions. He alleges that his detention in a state prison during that time was cruel and unusual punishment and violated his rights to due process and equal protection.

The district dismissed his claims at screening, *see* 28 U.S.C. § 1915A. It first questioned whether under *Heck*, 512 U.S. at 487, Payano could challenge the legality of his confinement during the year between the two appellate decisions. Given that the intermediate appellate court had not ordered his release, the district court thought that the criminal case had not been resolved in his favor. But even if his claims were not *Heck*-barred, the court added, Payano had not stated a claim that he was unlawfully confined in prison while awaiting retrial. It explained that pretrial detention is

constitutional and he has no constitutional right to be detained in a particular type of institution pending trial. *See Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979). Payano then asked the court to reconsider and allow him to amend his complaint. He alleged that his pretrial detention was punitive because he was kept in solitary confinement at a prison almost 24 hours per day for a year. He cited a state law that limits solitary confinement of jail detainees to no more than 10 days, and only for violating jail rules, and another law that authorizes detention in state prison only for convicts sentenced to at least a year. *See* WIS. STAT. §§ 302.40, 973.02. The district court denied Payano's requests. It observed that he already had challenged the conditions of his prison-based solitary confinement in a suit dismissed at summary judgment a year earlier for failure to exhaust administrative remedies, *Payano v. Grams*, No. 11-cv-437-slc (W.D. Wis. Mar. 1, 2012), and Payano gave no reason to revisit that ruling.

On appeal Payano maintains that his continued confinement in prison between 2008 and 2009 denied him due process. But, as the district court correctly observed, Payano may not pursue a § 1983 suit attacking the legality of his confinement "unless [he] can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see also Parish v. City of Elkhart*, 614 F.3d 677, 684 (7th Cir. 2010). The Supreme Court of Wisconsin has ruled that Payano's conviction and sentence are valid, so the criminal judgment remains intact and precludes this lawsuit. *See Burd v. Sessler*, 702 F.3d 429, 434–35 (7th Cir. 2012).

Payano replies that he temporarily ceased to be a convicted prisoner between his appellate victory and the Supreme Court's reversal of it. But his premise—that he became a pretrial detainee after the appellate court ordered a retrial—is wrong. A prisoner whose conviction has been reversed and remanded for retrial does not become a pretrial detainee before the reversing court's mandate has issued. *Crane v. Logli*, 992 F.2d 136, 139–40 (7th Cir. 1993). Under Wisconsin law, the appellate decision vacating Payano's conviction was stayed while the state supreme court considered the petition for review. *See* WIS. STAT. §§ 809.26(2) ("transmittal" of appellate court's judgment "is stayed until the supreme court rules on the petition"), 809.62(5) (petition for review "stays further proceedings in the court of appeals"). Moreover, in the related context of a federal civil-rights suit for malicious prosecution, even after an appellate court has remanded a criminal case for retrial, the *Heck* bar is not lifted until and unless the retrial ends favorably. *Julian v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2013); *see also DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996) (ruling that "the reversal of a conviction and remand for new trial is not" favorable termination under *Heck*); *Brandley v. Keeshan*,

64 F.3d 195, 199 (5th Cir. 1995) (same). Payano never received a favorable, final outcome, so *Heck* bars this suit.

Payano next challenges the district court's ruling denying him leave to amend his complaint to allege that his solitary confinement in prison during the year between appellate decisions violated due process because the imprisonment was punitive. As in the district court, he cites to state laws limiting when detainees can be punished with solitary confinement or housed in prison. *See* WIS. STAT. §§ 302.40, 973.02. He adds that the court should not have relied on its dismissal, based on a failure to exhaust, of his earlier suit over the conditions of his confinement. *Payano v. Grams*, No. 11-cv-437-slc (W.D. Wis. Mar. 1, 2012). Payano clarifies that in this case he is not challenging the *conditions* of his solitary confinement (a claim that requires exhaustion, *see* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). Rather, he is arguing that the *fact* of his solitary confinement in prison violated due process because he was entitled to the same type of non-punitive detention required for pretrial detainees. *See Smentek v. Dart*, 683 F.3d 373, 374 (7th Cir. 2012); *Hart v. Sheahan*, 396 F.3d 887, 892–93 (7th Cir. 2005).

Payano's claim that his solitary confinement in state prison unconstitutionally "punished" him assumes, again incorrectly, that between the two appellate decisions he should have been treated as a pretrial detainee. As we have already observed, the intermediate appellate court's decision vacating his conviction was stayed pending appeal and then later reversed, obviating his "pretrial detainee" theory. Because prevailing on this proposed claim would necessarily imply that his conviction had been conclusively invalidated, it too is *Heck*-barred. *See Heck*, 512 U.S. at 486–87; *Burd*, 702 F.3d at 434–35.

In any case, *Heck* aside, state officials do not violate due process simply by holding convicted prisoners in custody until retrial. After his appellate victory, Payano asked the warden to release him or transfer him to a jail, but he does not argue that a Wisconsin court refused to consider a request to transfer or release him on bond during the appeal process. Nor could he. Wisconsin affords convicted defendants the opportunity to ask a state court for post-judgment release. *See* WIS. STAT. §§ 809.31(1) (convicted defendant "who seeks release on bond pending a determination of a motion or appeal shall file in the trial court a motion seeking release"), 969.035(5) (requiring pretrial detention hearing to "determin[e] if the continued detention of the defendant is justified"); *State v. Salmon*, 471 N.W.2d 286, 287–88 (Wis. Ct. App. 1991). So long as the state courts were open to considering a request to release him from custody pending his retrial, Payano cannot state a claim that due process was offended by his continued

confinement. *See Buckley v. Fitzsimmons*, 20 F.3d 789, 798 (7th Cir. 1994) (explaining that defendant given opportunity to seek bail but denied release "received all the process that was due"); *United States v. Millan*, 4 F.3d 1038, 1049 (2d Cir. 1993).

AFFIRMED.