**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2181**

PAUL C. CLARK, SR.,

       Creditor − Appellant,

   and

REBECCA DELORME; PAUL CLARK, JR.,

       Creditors,

     v.

MONIQUE D. ALMY, Plan Officer,

       Appellee,

   and

COUNCIL OF UNIT OWNERS OF THE 100 HARBORVIEW DRIVE CONDOMINIUM,

       Debtor – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:19-cv-01437-SAG)

Submitted:  September 24, 2021          Decided:  December 9, 2021

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Dismissed and remanded with instructions by unpublished per curiam opinion.

Brennan C. McCarthy, BRENNAN MCCARTHY & ASSOCIATES, Annapolis, Maryland, for Appellant. Randall L. Hagen, CROWELL & MORING LLP, Washington, D.C., for Appellee Plan Officer for the Council of Unit Owners of the 100 Harborview Drive Condominium. Paul Sweeney, James R. Schraf, Lisa Yonka Stevens, YUMKAS VIDMAR SWEENEY & MULRENIN, LLC, Columbia, Maryland, for Appellee Council of Unit Owners of the 100 Harborview Drive Condominium.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal of a bankruptcy court's order. The order clarifies the court's final damages order resolving the creditors'—the Clark family's—prepetition claims against the debtor, the Council of Unit Owners of the 100 Harborview Drive Condominium ("Harborview"). After the bankruptcy court issued its final order, Harborview's plan officer sought to clarify whether the order resolved the Clarks' liability for unpaid assessments on their unit. The bankruptcy court held that its prior orders didn't alter the Clarks' preexisting liability for unpaid assessments. The district court affirmed the clarification order, and Mr. Clark appealed.

But because the bankruptcy court's clarification order wasn't a final order, the district court lacked subject-matter jurisdiction, as do we. We therefore dismiss this appeal and remand to the district court to vacate its order.

I.

In March of 2016, Harborview filed for Chapter 11 bankruptcy. Its approved reorganization plan required resolving prepetition litigation with the Clarks, who lived in one of the condominium units. The Clarks had sued Harborview for alleged violations of the Fair Housing Act and for property damage to their unit. The bankruptcy court held a trial and entered a preliminary damages award, which included monthly ongoing damages until Harborview substantially remediated the Clarks' unit. Later, the bankruptcy court found that Harborview had substantially remediated the unit and issued a final damages order.

Not long thereafter, Harborview's plan officer, Monique D. Almy, moved to have the court clarify that its prior orders didn't bar Harborview from collecting unpaid assessments on the Clarks' unit. The Clarks opposed the motion, arguing res judicata would bar any effort by Harborview to collect assessments.

The bankruptcy court granted the motion for clarification, noting that the motion asked the court "to interpret the scope and legal implications of its own orders." J.A. 500 n.1. The court held that the claims it resolved in its previous orders didn't involve any of Harborview's rights or remedies against the Clarks for unpaid assessments. But the bankruptcy court also considered the Clarks' res judicata argument and held that the doctrine wouldn't bar Harborview from enforcing its rights.

Mr. Clark appealed the clarification order to the district court. Almy, joined by Harborview, moved to dismiss the appeal. They argued that because the order didn't adjudicate the Clarks' liability for assessments, the appeal wasn't ripe, so there was no Article III case or controversy. Although the district court granted the motion to dismiss in part, it reached the merits of the res judicata issue and affirmed the bankruptcy court's clarification order. Mr. Clark appealed.

## II.

28 U.S.C. § 158(a)(1) grants district courts jurisdiction to hear appeals from bankruptcy judges' "final judgments, orders, and decrees." A final order "is normally limited to an order that resolves the entire case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020). But the meaning of "final order" is broader in bankruptcy.

4

Orders in bankruptcy proceedings are "immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Id.* at 587 (cleaned up). In other words, "the usual judicial unit for analyzing finality in ordinary civil litigation is the case, but in bankruptcy, it is often the proceeding." *Id.* (cleaned up).

Here, however, the bankruptcy court's clarification order disposed of nothing. Harborview never asked the bankruptcy court to resolve, nor did the court purport to resolve, the Clarks' liability for the unpaid assessments. Nor did the clarification order modify any of the court's earlier orders, so it's not appealable for that reason, either. *Cf. Major v. Orthopedic Equip. Co.*, 561 F.2d 1112, 1115 (4th Cir. 1977) (holding that the court lacked jurisdiction where the order on appeal was "simply an interpretation" of an earlier injunctive order and didn't "continue[] or modif[y] the injunction"). Rather, the bankruptcy court made clear that it meant only to "interpret the scope and legal implications of its own orders." J.A. 500 n.1.

Because the clarification order didn't "finally dispose" of any "discrete dispute" within the larger Chapter 11 proceeding, it's not a final judgment, order, or decree. So the district court should have dismissed the appeal for lack of jurisdiction. For the same reason, we lack jurisdiction here. 28 U.S.C. § 158(d)(1); *see Mort Ranta v. Gorman*, 721 F.3d 241, 245 (4th Cir. 2013) ("Both the district court order and the bankruptcy court order must be final for our jurisdiction to be proper under § 158(d)(1).").

One final note. According to Mr. Clark, litigation over the family's substantive liability for the unpaid assessments has begun in Maryland state court. Arguments over

whether Harborview's claim for assessments is barred by res judicata or any other ground belong in that court.

## III.

For these reasons, we dismiss the appeal and remand to the district court with instructions to vacate its order for lack of subject-matter jurisdiction.

*DISMISSED AND REMANDED*
*WITH INSTRUCTIONS*