[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2010
JOHN LEY
ACTING CLERK

_____

No. 08-15880

_____

D. C. Docket No. 03-21296-CV-FAM

M.D. KENNETH A. THOMAS, et al.,

                                                         Plaintiffs,

versus

BLUE CROSS AND BLUE SHIELD ASSOCIATION,
et al.,

                                                         Defendants,

HEALTH CARE SERVICE CORPORATION,

                                                         Defendant-Appellant-
                                                         Cross-Appellee,

ROBERT KOLBUSZ, M.D.,
CENTER FOR DERMATOLOGY AND SKIN
CENTER, LTD.,

                                                         Appellee-Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(January 20, 2010)

Before EDMONDSON and PRYOR, Circuit Judges, and CAMP,[*] District Judge.

PRYOR, Circuit Judge:

This appeal concerns the denial of a motion for an order to show cause why Dr. Robert Kolbusz should not be held in contempt for violating an injunction that barred physicians from prosecuting claims released as part of the settlement of a national class action. A class of physicians had complained that Blue Cross and Blue Shield Association, Inc., and its member plans had engaged in a scheme to deny, delay, and reduce payments to the physicians. As part of the settlement, the physicians agreed to release the Blue Cross plans from all claims arising from or related to the class action and settlement agreement, and the district court permanently enjoined the class members from prosecuting released claims against the Blue Cross plans. Health Care Service Corporation contends that Kolbusz violated the permanent injunction by prosecuting a complaint against the Corporation in an Illinois court, and the Corporation moved for an order to show cause why Kolbusz should not be held in contempt. The district court denied the motion with respect to Kolbusz's claims of tortious interference and defamation. With respect to Kolbusz's claim of breach of contract, the district court ruled that Kolbusz's claim was released in the settlement of the class action and afforded

_____

[*] Honorable Jack T. Camp, United States District Judge for the Northern District of Georgia, sitting by designation.

2

Kolbusz 20 days to withdraw that claim voluntarily to avoid contempt proceedings. The Corporation appeals the denial of its motion as to Kolbusz's tort claims, and Kolbusz cross-appeals the decision about his claim of breach of contract. We dismiss the cross-appeal for lack of jurisdiction because the decision to afford Kolbusz 20 days to withdraw his claim of breach of contract is not a final or otherwise appealable order. We reverse the decision that Kolbusz is not enjoined from prosecuting his tort claims, and we remand for further proceedings.

## I. BACKGROUND

In May 2003, several physicians, on behalf of themselves and all other similarly situated physicians, filed a complaint against Blue Cross and Blue Shield Association, Inc., and its member plans throughout the United States. The complaint asserted claims of conspiracy and aiding and abetting under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, and sought damages as well as declaratory and injunctive relief. The physicians' claims were based on allegations that the health insurance companies had "engaged in a conspiracy to improperly deny, delay, and/or reduce payments to physicians, physician groups, and physician organizations by engaging in several types of allegedly improper conduct."

The parties eventually agreed to a settlement of the class action. The district

court later entered an order that certified the class and granted final approval of the settlement agreement. <u>Love v. Blue Cross & Blue Shield Ass'n</u>, No. 03-21296 (S.D. Fla. Apr. 19, 2008). As part of the settlement, the Blue Cross plans agreed to implement business practice initiatives and establish a settlement fund for payment of claims to class members. In exchange, the class members agreed to release the Blue Cross plans from all claims arising out of or related to matters referenced in the class action and settlement agreement:

> Upon the Effective Date, the "**Released Parties**[]" . . . shall be released and forever discharged . . . from any and all causes of action . . . of whatever kind, source or character whether arising under any federal or state law, which . . . includes, but is not limited to, the Racketeer Influenced and Corrupt Organizations Act, antitrust and other statutory and common law claims, intentional or non-intentional, . . . arising on or before the Effective Date, that are, were or could have been asserted against any of the Released Parties by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters referenced in the Action, or addressed in this Agreement . . . .

The district court permanently enjoined the releasing parties from filing or prosecuting "any or all Released Claims against one or more Released Parties." The district court expressly retained jurisdiction as to matters relating to the interpretation, administration, and consummation of the settlement agreement, and the enforcement of extant injunctions. In a separate order, the district court entered judgment in the class action.

4

Kolbusz, a board certified dermatologist, practices medicine at the Center for Dermatology and Skin Cancer, Ltd., where he treats patients insured by Health Care Service Corporation, one of the Blue Cross plans. The parties agree that Kolbusz is a releasing party and that the Corporation is a released party. Although all class members were given an opportunity to object to and opt out of the settlement agreement, Kolbusz failed to do so by the prescribed deadlines.

In January 2008, Kolbusz and the Center commenced a civil action against the Corporation in an Illinois court. The amended complaint of Kolbusz and the Center asserted claims of breach of contract, tortious interference with contractual relationships, tortious interference with prospective economic advantage, and defamation pro quod. Kolbusz supported these claims with allegations that the Corporation had engaged in several improper practices "solely to reduce its financial obligations" to him. Specifically, Kolbusz alleged that the Corporation had made false statements to his patients regarding its reasons for refusing to pay for medical services that he had rendered. Kolbusz alleged that the Corporation had falsely informed his patients that he performed procedures that were not medically necessary, that he provided erroneous billing information, and that he was under investigation.

About a month after Kolbusz commenced his action in the Illinois court, the

5

Corporation informed him that, because he had failed to opt out of the settlement agreement, the permanent injunction entered in the class action barred him from prosecuting his complaint. The Corporation demanded that he dismiss the action. Kolbusz then filed a motion for permission to opt out of the settlement agreement belatedly, but the district court denied the motion.

The Corporation filed a motion in the district court for an order to enforce the permanent injunction against Kolbusz and to show cause why Kolbusz should not be held in contempt for prosecuting released claims. The district court referred the motion to a magistrate judge for a report and recommendation. The magistrate judge concluded that Kolbusz is enjoined from prosecuting his claim of breach of contract, but not his claims of tortious interference and defamation. The district court entered an order that affirmed and adopted the magistrate judge's report and recommendation. The order instructed Kolbusz to withdraw his claim of breach of contract within 20 days, and provided that, if Kolbusz failed to do so, the district court would revisit the contempt motion.

## II. JURISDICTION

Neither party challenges our jurisdiction to entertain this appeal, but "we are obligated to address jurisdictional questions sua sponte." Frulla v. CRA Holdings,

6

Inc., 543 F.3d 1247, 1250 (11th Cir. 2008). This Court directed the parties to file supplemental briefs on the issue of jurisdiction. Both parties contended that we have jurisdiction to review the order in its entirety. Kolbusz contended that the order is an appealable interlocutory order because it grants in part and denies in part a request for injunctive relief. The Corporation contended that the order is a final order, or, in the alternative, an appealable collateral order or interlocutory order. At oral argument, Kolbusz maintained that we have jurisdiction over his cross-appeal because the order that allowed him 20 days to withdraw his claim of breach of contract grants the Corporation injunctive relief. In the alternative, Kolbusz argued that we can exercise pendent appellate jurisdiction. The Corporation acknowledged at oral argument that we lack jurisdiction over Kolbusz's cross-appeal.

We discuss our jurisdiction in two parts. First, we discuss whether we have jurisdiction over the appeal by the Corporation. Second, we discuss whether we have jurisdiction over Kolbusz's cross-appeal.

### A. We Have Jurisdiction over the Appeal by the Corporation.

The denial of the motion as to Kolbusz's tort claims is appealable. It is well-settled that we have jurisdiction to review the denial of a motion for an order to

7

show cause why a party should not be held in contempt because it is a final order. Davis v. Bd. of Sch. Comm'rs, 517 F.2d 1044, 1052 (5th Cir. 1975); see also 28 U.S.C. § 1291; Gilbert v. Johnson, 490 F.2d 827, 829 (5th Cir. 1974). Consequently, we have jurisdiction over the denial of the motion for an order to show cause why Kolbusz should not be held in contempt for prosecuting his tort claims against the Corporation.

### B. We Lack Jurisdiction over Kolbusz's Cross-Appeal.

Kolbusz's cross-appeal presents a more difficult question that requires us to consider four potential bases for exercising jurisdiction. First, we consider whether the order about Kolbusz's claim of breach of contract is a final decision within the meaning of section 1291. Second, we consider whether we can exercise jurisdiction under the collateral order doctrine. Third, we consider whether the order qualifies for appeal under section 1292(a)(1). Fourth, we consider whether pendent appellate jurisdiction exists.

### 1. Section 1291 Jurisdiction

Kolbusz's cross-appeal does not concern a final order. Section 1291 gives us "jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. In postjudgment proceedings, a postjudgment order is final for purposes of section 1291 if it "finally settles the matter in litigation" by disposing of all

8

issues raised in the motion. Delaney's Inc. v. Ill. Union Ins. Co., 894 F.2d 1300, 1305 (11th Cir. 1990); see also Autotech Techs. LP v. Integral Research & Dev. Corp., 499 F.3d 737, 745 (7th Cir. 2007); Motorola, Inc. v. Computer Displays Int'l, Inc., 739 F.2d 1149, 1154 (7th Cir. 1984).

The order that instructs Kolbusz to withdraw voluntarily his claim of breach of contract within 20 days is not a final decision because it does not dispose of all of the issues raised in the motion. The Corporation sought an order to show cause why Kolbusz should not be held in contempt for prosecuting released claims. Although the order ruled that Kolbusz is enjoined from prosecuting his claim of breach of contract, the order did not completely dispose of the issue. The order expressly contemplated further action in the event that Kolbusz failed to withdraw his claim within 20 days. It stated that if Kolbusz "fail[s] to voluntarily withdraw [his claim of breach of contract], [the] contempt motion shall be revisited by this Court." Because the order "did not hold [Kolbusz] in contempt or impose any sanction" for prosecuting a released claim in violation of the injunction, it is not appealable as a final order. Major v. Orthopedic Equip. Co., 561 F.2d 1112, 1115 (4th Cir. 1977).

2. Collateral Order Jurisdiction

The order instructing Kolbusz to withdraw his claim of breach of contract

9

within 20 days also does not fall within the small class of decisions excepted from the final judgment rule under the collateral order doctrine. To come within this class of decisions, "'the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S. Ct. 2454, 2458 (1978)). Even if the order conclusively determined that Kolbusz's claim of breach of contract is a released claim and that the injunction bars him from prosecuting the claim, that issue is not completely separate from the motion for an order to show cause. To the contrary, a decision to hold Kolbusz in contempt necessarily would involve a ruling that Kolbusz had violated the injunction by prosecuting a released claim. The order also is not effectively unreviewable on appeal from a final judgment. If Kolbusz refuses to withdraw his claim of breach of contract and the district court imposes noncontingent contempt sanctions, Kolbusz can appeal from that ruling. Combs v. Ryan's Coal Co., 785 F.2d 970, 976–77 (11th Cir. 1986).

### 3. Section 1292(a)(1) Jurisdiction

We also reject Kolbusz's argument that the order instructing him to

withdraw his claim of breach of contract within 20 days granted the Corporation injunctive relief. Under section 1292(a)(1), we have jurisdiction over orders that grant injunctions, as well as orders that modify injunctions. 28 U.S.C. § 1292(a)(1). In evaluating whether we have jurisdiction over an interlocutory order, we "should examine the effect, and not merely the letter, of [the] . . . order[] to be reviewed." Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1515 (11th Cir. 1994).

The effect of the order was not to grant new injunctive relief. The magistrate judge's report and recommendation stated that the claim of breach of contract "is . . . a Released Claim" and that Kolbusz and the Center "are enjoined from pursuing the . . . claim." We read this language as ruling that Kolbusz is enjoined from prosecuting his claim under the extant injunction, not as granting new injunctive relief. The order also provides that, if Kolbusz fails "to voluntarily withdraw" the claim, the district court will revisit the motion of the Corporation for an order to show cause why Kolbusz should not be held in contempt. The word "voluntarily" establishes that the district court simply afforded Kolbusz an opportunity to comply with the permanent injunction to avoid contempt proceedings.

Because the order interprets the permanent injunction, it also is not

11

appealable under section 1292(a)(1) as an order modifying an injunction. For purposes of 1292(a)(1), the distinction between an order clarifying an underlying injunction and an order modifying an injunction is of crucial importance, as only the latter is an appealable order. See Birmingham Fire Fighters Ass'n 117 v. Jefferson County, 280 F.3d 1289, 1292–93 (11th Cir. 2002); Ass'n of Cmty. Orgs. for Reform Now v. Ill. State Bd. of Elections, 75 F.3d 304, 306 (7th Cir. 1996); Major, 561 F.2d at 1115. An order that interprets an injunction amounts to a modification only when it "changes the legal relationship of the parties by blatantly misinterpreting the injunction." Birmingham Fire Fighters, 280 F.3d at 1293. To determine whether an interpretation modifies an injunction, we look for misinterpretations that "leap[] from the page." Id.

The ruling that Kolbusz's claim of breach of contract is a released claim and that he is enjoined from prosecuting it does not modify the permanent injunction. The claim release and accompanying injunction are extremely broad, extending to any and all claims arising from or related to matters referenced in the class action or settlement agreement. Kolbusz's claim of breach of contract is based on allegations that the Corporation engaged in improper practices to reduce its financial obligations to Kolbusz. These allegations mirror the allegations made by physicians in the class action that the Blue Cross plans improperly delayed, denied,

12

and reduced payments to physicians.  Consequently, the order "is simply an interpretation" and does not qualify for appeal under section 1292(a)(1).  Major, 561 F.2d at 1115.

#### 4.  Pendent Appellate Jurisdiction

In rare circumstances, pendent appellate jurisdiction can provide a basis for exercising jurisdiction over an otherwise nonappealable order.  King v. Cessna Aircraft Co., 562 F.3d 1374, 1379–81 (11th Cir. 2009).  To qualify for review under our pendent appellate jurisdiction, the nonappealable order must be inextricably intertwined with an appealable order, or review of the former must be "'necessary to ensure meaningful review of the latter.'"  Id. at 1379 (quoting Swint v. Chambers County Comm'n, 514 U.S. 35, 51, 115 S. Ct. 1203, 1212 (1995)).  We have declined to exercise pendent appellate jurisdiction when "resolution of the nonappealable issue was not necessary to resolve the appealable one."  Id. at 1380.

Kolbusz's cross-appeal does not satisfy the requirements for pendent appellate jurisdiction.  The determination by the district court that Kolbusz is not enjoined from prosecuting his claims of tortious interference and defamation stands alone.  It is not based on or otherwise dependent on resolution of the issue whether Kolbusz is enjoined from prosecuting his claim of breach of contract.  See

13

id. The magistrate judge's report and recommendation "clearly shows the analysis was conducted separately for" Kolbusz's claims of tortious interference and defamation. Id. Because we need not reach the merits of Kolbusz's cross-appeal to decide the appeal by the Corporation, Kolbusz's cross-appeal is not one of the rare situations that warrants the exercise of our pendent appellate jurisdiction.

## III. STANDARDS OF REVIEW

We review for abuse of discretion the denial of a motion to show cause why a party should not be held in contempt. Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 738 (11th Cir. 2006). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1216–17 (11th Cir. 2009). We review questions of law de novo. Id. at 1217.

## IV. DISCUSSION

The Corporation argues that the district court abused its discretion when it denied the motion of the Corporation for an order to show cause why Kolbusz should not be held in contempt. "On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's

14

noncompliance with a court order." Parker, 468 F.3d at 738–39. After the movant satisfies this burden, the burden shifts to the alleged contemnor to explain his noncompliance at a show cause hearing. Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998). The Corporation contends that Kolbusz's prosecution of claims of tortious interference and defamation violates the permanent injunction because the claims are released.

The Corporation advances three arguments that the district court abused its discretion. First, the Corporation contends that Kolbusz's claims of tortious intererence and defamation are released and their prosecution violates the injunction entered in the class action because the claims are related to the matters addressed in the class action. Second, the Corporation contends that the claims are released because they are based on fee for service claims. Third, the Corporation contends that the claims are related to the business practices addressed in the settlement agreement. Because we agree with the Corporation that Kolbusz's claims of tortious interference and defamation are related to matters addressed in the class action, we need not address the second and third arguments.

The Corporation presented undisputed evidence that Kolbusz's prosecution of his claims of tortious interference and defamation violated the permanent injunction because the claims are related to matters addressed in the class action.

15

The permanent injunction bars class members from filing or prosecuting released claims, and the settlement agreement broadly defines released claims to include claims that are related to matters addressed in the class action or settlement agreement. The class action alleged that the Blue Cross plans "on their own and as part of a common scheme, systematically deny, delay and diminish the payments due to physicians so that they are not paid in a timely manner for the covered, medically necessary services they render." The class action further alleged that the Blue Cross plans "collectively insure such a large pool of patients that they are able to perpetuate this scheme through their combined economic power and market dominance."

Kolbusz's claims of tortious interference and defamation are related to matters addressed in the class action because they are based on allegations that the Corporation engaged in improper practices to deny and delay payments to Kolbusz and that these practices caused him to lose existing patients as well as referrals. To support his claim of tortious interference with contractual relationships, Kolbusz alleged that the Corporation drove away his patients by wrongfully refusing to pay for medical procedures. Likewise, to support his claim of tortious interference with prospective economic advantage, Kolbusz alleged that the Corporation caused his patients to stop giving him referrals by wrongfully refusing to pay for medical

16

procedures. Finally, Kolbusz's claim of defamation pro quod is based on allegations that the Corporation falsely informed his patients that their claims were denied because Kolbusz had provided unnecessary and inappropriate care and engaged in fraudulent or deceptive billing practices, when in truth the Corporation wrongfully denied claims for medically necessary treatments. Kolbusz alleged that the Corporation engaged in all of these practices "solely to reduce its financial obligations" to him. These tort claims are related to the concerns addressed in the class action.

The ruling of the district court to the contrary was an abuse of discretion for two reasons. First, the district court incorrectly reasoned that Kolbusz's claims of tortious interference and defamation are unrelated to the allegations made in the class action because they hinge on whether the Corporation "intentionally communicated defamatory and false information to Dr. Kolbusz's patients." It is irrelevant that Kolbusz's claims depend on a different legal theory than the claims asserted in the class action or require Kolbusz to prove matters in addition to or different from the claims asserted in the class action. The claim release extends to "any and all causes of action . . . of whatever kind, source, or character" that are related to matters addressed in the class action, including "antitrust and other statutory and common law claims, intentional or non-intentional . . . that are, were,

17

or could have been asserted against any of the Released Parties." This broad language encompasses Kolbusz's claims of tortious interference and defamation. Second, the district court erroneously reasoned that the claims are not released because they "require[] a highly factual analysis of events that allegedly took place long after the [class action] was filed." Under the settlement agreement entered in the class action, the relevant inquiry for determining whether a claim is released is not whether the acts giving rise to the complaint occurred after the class action was filed or the settlement agreement was entered, but whether they occurred after the effective date of the settlement agreement. The claim release applies to claims "arising on or before the Effective Date," and the settlement agreement provides that the effective date is one business day after all appeals from the final approval order are dismissed. We dismissed with prejudice all appeals from the final approval order on June 19, 2009. Kolbusz's claims of tortious interference and defamation arise from acts that occurred before the effective date, which is the only date the district court should have considered.

## V. CONCLUSION

We **DISMISS** the cross-appeal for lack of jurisdiction. We **REVERSE** the order that denied the motion for an order to show cause why Kolbusz and the

18

Center should not be held in contempt and **REMAND** to the district court for further proceedings.