[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11207
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:00-md-01334-FAM,
1:10-cv-22235-FAM

JAMES GARDNER,
DERRICK E. ANTELL,
BRIAN MULLINS,
CARMEN KAVALI, M.D.,
AMERICAN MEDICAL ASSOCIATION,
MEDICAL SOCIETY OF NEW JERSEY,
MEDICAL SOCIETY OF THE STATE OF NEW YORK,
CONNECTICUT STATE MEDICAL SOCIETY,
TEXAS MEDICAL ASSOCIATION,
NORTH CAROLINA MEDICAL SOCIETY,
TENNESSEE MEDICAL ASSOCIATION,
MEDICAL ASSOCIATION OF GEORGIA,
CALIFORNIA MEDICAL ASSOCIATION,
FLORIDA MEDICAL ASSOCIATION,
WASHINGTON STATE MEDICAL ASSOCIATION,
EL PASO COUNTY MEDICAL SOCIETY,
AMERICAN PODIATRIC MEDICAL ASSOCIATION,
NEW JERSEY PSYCHOLOGICAL ASSOCIATION,

Plaintiffs - Appellants,

versus

CIGNA ,
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
CIGNA HEALTH CORPORATION,

                                        Defendants - Appellees.
                    _____

            Appeal from the United States District Court
                for the Southern District of Florida
                    _____

                        (March 28, 2012)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

       Appellants are plaintiff health care providers in an action in New Jersey

(Franco et al. v. Cigna Gen. Life Ins. Co., No. 07-CV-06039-SRC).  In that

consolidated action, they allege improper reductions of assigned claims for

healthcare benefits.

       In response to that lawsuit, Cigna filed motions in the District Court for the

Southern District of Florida—the court handling In Re Managed Care Litig., MDL

No.1334—seeking an order to compel the Franco plaintiffs to withdraw their RICO

and antitrust claims.  On November 30, 2009, the District Court for the Southern

District of Florida found that the RICO and antitrust claims asserted in Franco

were covered by an injunction entered earlier in the MDL 1334 matter and ordered

that they be withdrawn.  That order was appealed to us, and we dismissed the

appeal for lack of jurisdiction.  See Ex. A attached.  As we explained, injunctions are tested through civil contempt procedures and the district court did not include a finding of contempt or impose sanctions.  Id.  See also 28 U.S.C. § 1291; Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 830 (11th Cir. 2010).

Rather than follow the procedure set forth in our earlier ruling, appellants filed this declaratory judgment action seeking a ruling that Franco was not covered by the injunction entered in the multi-district litigation.  The district court dismissed that action, stating that it had already ruled on that question.  This appeal attacks that ruling.

We review this dismissal for abuse of discretion.  Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995); Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005); Manuel v. Convergys Corp., 430 F.3d 1132, 1134-35 (11th Cir. 2005).  Clearly, there is none.  A declaratory judgment action is no substitute for following the established procedure for testing injunctions, to wit: contempt and sanctions.

**AFFIRMED.**[1]

---

[1]  The pending motion to dismiss the appeal for lack of jurisdiction is denied.

3

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



No. 09-16261

_____

D. C. Docket No. 00-01334-MD-FAM

M.D. LEONARD J. KLAY, et al.

Plaintiffs,

JAMES N. GARDNER, M.D.,
DERRICK E. ANTELL, M.D.,
BRIAN MULLINS, M.S.P.T.,
CARMEN KAVALI, M.D.,
MALDANADO MEDICAL, LLC,
AMERICAN MEDICAL ASSOCIATION,
MEDICAL SOCIETY OF NEW JERSEY,
MEDICAL SOCIETY OF THE STATE OF NEW YORK,
CONNECTICUT MEDICAL SOCIETY,
TEXAS MEDICAL ASSOCIATION,
NORTH CAROLINA MEDICAL SOCIETY,
TENNESSEE MEDICAL ASSOCIATION,
MEDICAL ASSOCIATION OF GEORGIA,
CALIFORNIA MEDICAL ASSOCIATION,
FLORIDA MEDICAL ASSOCIATION,
WASHINGTON STATE MEDICAL ASSOCIATION,
EL PASO COUNTY MEDICAL SOCIETY,
AMERICAN PODIATRIC MEDICAL ASSOCIATION,
NEW JERSEY PSYCHOLOGICAL ASSOCIATION,

Interested Parties-

Appellants,

versus

ALL DEFENDANTS,

Defendants,

CIGNA HEALTHCARE OF CALIFORNIA,
CIGNA INSURANCE SERVICES COMPANY,
CIGNA HEALTHCARE OF SOUTH CAROLINA, INC.,
CIGNA HEALTHCARE OF NEW JERSEY, INC.,
CIGNA HEALTH CARE, et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida

---

Before BARKETT, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

The appellees' motion to dismiss this appeal is GRANTED, and this appeal is DISMISSED for lack of jurisdiction. The district court's November 30, 2009, order adopting the magistrate judge's November 5, 2009, report and recommendation is not a final order because the district court did not include a finding of contempt or impose sanctions. See 28 U.S.C. § 1291; Thomas v. Blue

Cross & Blue Shield Ass'n, 594 F.3d 823, 830–31 (11th Cir. 2010). Additionally, the district court's order is not appealable under 28 U.S.C. § 1292(a)(1) because the court did not so blatantly misinterpret the settlement injunctions as to constitute a modification of the injunctions. See 28 U.S.C. § 1292(a)(1); Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 814, 819–20 (11th Cir. 2010); Thomas, 594 F.3d at 831–32; Birmingham Fire Fighters Ass'n 117 v. Jefferson County, 280 F.3d 1289, 1292–95 (11th Cir. 2002).