**TRACFONE WIRELESS, INC., Plaintiff,**

v.

**HOLDEN PROPERTY SERVICES, LLC, et al., Defendants.**

**Case No. 1:14–cv–20959–KMM.**

United States District Court, S.D. Florida.

Signed May 8, 2015.

James Blaker Baldinger, Carlton Fields PA, West Palm Beach, FL, Aaron Stenzler Weiss, Carlton Fields Jorden Burt, P.A., Miami, FL, for Plaintiff.

## ORDER GRANTING TRACFONE'S MOTION FOR ORDER OF CONTEMPT FOR DEFENDANTS' FAILURE TO COMPLY WITH THE COURT'S ORDER

K. MICHAEL MOORE, Chief Judge.

This matter is before the Court on Plaintiff TracFone Wireless, Inc.'s ("TracFone") Motion [D.E. 35] for the entry of an order finding Defendants Holden Property Services, LLC and Patrick LaMarsh (collectively, the "Defendants") in contempt of Court for their failure to comply with the Court's Order. Upon review of the motion and supporting record, the motion is GRANTED.

## I. BACKGROUND

TracFone seeks entry of an order finding Defendants in contempt of Court. In support of its motion, TracFone relies on this Court's record and the record of related post-judgment proceedings that TracFone has commenced in the United States District Court for the Western District of Pennsylvania.

TracFone seeks to obtain Fla. R. Civ. P. Form 1.977 Fact Information Sheets from Defendants, which Defendants were ordered to complete as a result of a judgment entered in TracFone's favor in this action. This action arose from Defendants' alleged participation in illegal and illicit business practices involving the theft of TracFone's Straight Talk airtime service cards. This Court finds that the facts in the record are indisputable. Accordingly, the Court makes the findings of fact and conclusions of law as set forth below.

## II. FINDINGS OF FACT

The Court finds that on July 21, 2014, this Court entered an order granting Default Final Judgment and Permanent Injunction (the "July 21, 2014 Order") in favor of TracFone and against Defendants in the amount of $839,775.00. [D.E. 29]. Upon review of the record, the Court finds that the July 21, 2014 Order required Defendants to complete the Fact Information Sheet set forth in Fla. R. Civ. P. Form 1.977, including all required attachments, and serve it on TracFone's counsel with forty-five (45) days (by September 4, 2014). [D.E. 29 at ¶ 10].

The Court finds that TracFone has established that it notified Defendants of this requirement multiple times: first, by a letter dated July 28, 2014, which was hand-delivered to Defendants by process server; and again by a letter dated September 12, 2014, which was delivered by FedEx. [D.E. 31–1, 2]. The Court finds that on September 30, 2014, this Court entered an order (the "September 30, 2014 Order") requiring Defendants to show cause and explain their failure to comply with the Court's July 21, 2014 Order. [D.E. 32]. The September 30, 2014 Order required Defendants to show cause on or before October 15, 2014. *Id.* After reviewing TracFone's Motion and the Court's own

record, the Court finds that Defendants have not returned Form 1.977 to TracFone or otherwise explained their failure to do so.

Accordingly, the Court hereby finds that Defendants shall be held in contempt of Court.

## III.  CONCLUSIONS OF LAW

### a.  The Court Has Inherent Authority to Issue Contempt Orders

■  This Court has the inherent authority to enforce its own orders by the exercise of contempt powers. *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir.1991) (citing *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)). The party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. *Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc.,* 950 F.2d 1525, 1525 (11th Cir.1992).

■  Where a party continuously violates, disobeys, or otherwise ignores a valid court order, that party may be subject to being held in contempt of court and have fines, fees, and costs assessed against them. *See Brother v. BFP Investments, Ltd.,* 2010 WL 2978080 at *5–7 (S.D.Fla. July 26, 2010).

### b.  The Court Has Additional Specific Authority to Issue Contempt Orders Pursuant to Fed.R.Civ.P. 70(e)

■  Moreover, as the order that Defendants have disobeyed is in connection with a judgment, "Federal Rule of Civil Procedure 70(e) ... provides that when a party disobeys a lawful order, a district court

may ... hold the disobedient party in contempt." *Breen v. Tucker,* 821 F.Supp.2d 375, 383 (D.D.C.2011); *Rancheria v. Salazar,* 2013 WL 6185450, at *2 (E.D.Cal. Nov. 23, 2013) ("Rule 70(e) contempt may issue where the court has required the party to perform any specific act, and the party fails to comply within the time specified."); *see also Distributors Ass'n Warehousemen's Pension Trust v. Foreign Trade Zone 3, Inc.,* 2009 WL 844064, *2 (N.D.Cal. Mar. 30, 2009) ("Federal Rules of Civil Procedure 70 provides relief for judgment creditors who need court assistance to enforce a judgment requiring the performance of a specific act by the judgment debtor.... Rule 70(e) permits a court to hold the disobedient party in contempt.").

### c.  TracFone's Request for a Contempt Finding Satisfies the Three-part Test for Imposition of Such Relief

■  In the Eleventh Circuit, "[o]n a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's non-compliance with a court order." *Brother v. BFP Investments, Ltd.,* 2010 WL 2978077, *2 (S.D.Fla. June 1, 2010) (quoting *Thomas v. Blue Cross and Blue Shield Ass'n,* 594 F.3d 814, 821 (11th Cir.2010)). "Proof of contempt must be clear and convincing." *S.E.C. v. Pension Fund of America, L.C.,* 2006 WL 1104768, *7 (S.D.Fla. Mar. 23, 2006) (citing *McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir. 2000)). The movant must demonstrate that "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.*

■  Once "the movant satisfies this burden, the burden then shifts to the al-

leged contemnor to explain his noncompliance at a show cause hearing before the District Court." *Brother v. BFP Investments, Ltd.,* 2010 WL 2978077, at *2 (citing *Chairs v. Burgess,* 143 F.3d 1432, 1436 (11th Cir.1998)). Then, "[t]o overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother v. BFP Investments, Ltd.,* 2010 WL 2978077, at *2 (citing *In re Chase & Sanborn Corp.,* 872 F.2d 397, 400 (11th Cir.1989)).

■ The Court finds that, here, the violated orders were valid and lawful. The Court's Order dated July 21, 2014 provided that Defendants furnish TracFone with the information called for pursuant to Fla. R. Civ. P. Form 1.977. The Court finds that it was appropriate to include the requirement that Defendants comply with this Florida state procedural rule governing post-judgment remedies because "Rule 69(a)(2) provides that discovery from a judgment debtor may be obtained 'as provided in these rules or by the procedure of the state where the court is located.'" *Halliburton Energy Services, Inc. v. NL Industries,* 618 F.Supp.2d 614, 659 (S.D.Tex.2009) (quoting Fed.R.Civ.P. 69(a)(2)).

■ The Court also finds that the Order dated September 30, 2014 was also valid. As the Eleventh Circuit has made clear, "[d]istrict courts have broad discretion in fashioning civil contempt sanctions." *F.T.C. v. Slimamerica,* 2011 WL 882109, *3 (S.D.Fla. Mar. 9, 2011) (quoting *Howard Johnson Co., Inc. v. Khimani,* 892 F.2d 1512, 1519 (11th Cir.1990)).

The Court finds that both orders were "clear, definite and unambiguous." *See F.T.C. v. RCA Credit Servs., LLC,* 2012

WL 11406549, at *1 (M.D.Fla. Mar. 20, 2012). The Court finds that the July 21, 2014 Order indisputably required Defendants to furnish TracFone with the information called for pursuant to Fla. R. Civ. P. Form 1.977. The Court finds that TracFone established that Defendants have failed to do so. Additionally, the Court finds that the September 30, 2014 Order required Defendants to show cause why Defendants could not provide the required information. The Court finds that TracFone has established that Defendants failed to respond to the show cause order.

Finally, by failing to file any response to the September 30, 2014 Order, the Court finds that Defendants have waived any argument that they do not have the ability to comply with the order. *See Louis Vuitton Malletier, S.A. v. Key Lin,* 2011 WL 1584195, *2 (S.D.Fla. Mar. 17, 2011) (recommending finding of contempt where defendant "failed to appear for the show cause hearing").

## IV. RELIEF

Accordingly, for the foregoing reasons, it is hereby ORDERED and ADJUDGED that TracFone's Motion for Order of Contempt is GRANTED. The Court hereby ORDERS that:

1. This Court has jurisdiction over all the parties.

2. The Court finds that Defendants have failed to provide TracFone with Fla. Rule Civ. P. Form 1.977 as required by both the July 21, 2014 Order and the September 30, 2014 Order.

3. Accordingly, Defendants Holden Property Services, LLC and Patrick LaMarsh are hereby held in contempt of Court for their failure to comply with the

July 21, 2014 Order and the September 30, 2014 Order.

4. TracFone shall serve a copy of this order on Defendants. This may be accomplished by personal delivery; certified mail; express mail (such as FedEx); or, other method designed to ensure that Defendants receive notice of this order. Once Defendants have been served with this order, TracFone shall promptly file proof of service.

5. Defendants shall provide TracFone with the Fla. R. Civ. P. Form 1.977 Fact Information Sheets as ordered by this Court, within fourteen (14) calendar days of receiving a copy of this Order.

6. TracFone shall notify this Court immediately upon receiving the satisfactorily completed forms, or upon the failure of Defendants to comply with this Order.

7. If Defendants have not complied with this order within fourteen (14) calendar days of receiving a copy of this order, Defendants shall be fined the amount of $300.00 per day.

8. Continued failure to provide TracFone with the Fla. R. Civ. P. Form 1.977 Fact Information Sheets as ordered by this Court on multiple other occasions, shall result in LaMarsh's immediate arrest and imprisonment for civil contempt.

9. The last known address of Defendants Holden Property Services, LLC and Patrick LaMarsh is 714 Chapel Drive, Unit 70, Altoona, Pennsylvania 16602.

10. The address of Plaintiff TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.