[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16036
Non-Argument Calendar

_____

D.C. Docket Nos. 6:15-cv-01380-PGB,
6:14-bkc-10332-CCJ

6:15-cv-01732-PGB

In Re: NICOLAS MEUS,

Debtor.

_____

NICOLAS MEUS,

Plaintiff-Appellant,

versus

LAURIE K. WEATHERFORD,
Chapter 13 Trustee,

Defendant-Appellee.
--------------------------------------------------------------------------

6:15-cv-01380-PGB

In Re: NICOLAS MEUS,

Debtor.

_____

NICOLAS MEUS,

Plaintiff-Appellant,

versus

US BANK NATIONAL ASSOCIATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 14, 2018)

Before MARCUS, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Nicolas Meus, the debtor in these Chapter 13 bankruptcy proceedings, appeals the district court's order affirming (1) the bankruptcy court's order granting U.S. Bank National Association ("U.S. Bank") relief from the automatic stay; and (2) the bankruptcy court's dismissal of the case. After careful review, we conclude that we have no jurisdiction to consider Meus's appeal of the district court's affirmance of the bankruptcy court's order granting U.S. Bank relief from

the automatic stay, and thus dismiss Meus's appeal of that stay-relief order. We affirm the district court's affirmance of the order dismissing the case.

## I.    BACKGROUND

### A.    Factual History

In 2007, U.S. Bank's predecessor in interest, Aurora Loan Services LLC ("Aurora"), sought to foreclose on a mortgage secured by real property owned by Meus and his fiancée, Ms. Altanie Andre. Aurora obtained a final judgment of foreclosure on October 29, 2007.

The state court eventually scheduled a foreclosure sale for June 25, 2009. On June 25, 2009, Ms. Andre filed for bankruptcy and the sale was cancelled. The bankruptcy case was dismissed less than a month later for failure to file required information.

The sale was rescheduled for February 9, 2010. On February 9, 2010, Ms. Andre again filed for bankruptcy and the sale was cancelled. That bankruptcy case was dismissed less than a month later for failure to file required information.

The sale was then rescheduled for July 8, 2010. On July 7, 2010, Ms. Andre filed for bankruptcy and the sale was cancelled. That bankruptcy case was dismissed less than a month later for failure to file required information.

The sale was then rescheduled for Monday, April 11, 2011. On Friday, April 8, 2011, Ms. Andre filed for bankruptcy. The sale was cancelled. That

bankruptcy case was dismissed less than a month later for failure to file required information. In its dismissal order, the bankruptcy court enjoined Ms. Andre from filing another bankruptcy petition for 180 days.

The sale was then rescheduled for Monday, October 10, 2011—within the 180-day injunction period. On Friday, October 7, 2011, Ms. Andre filed for bankruptcy. Later that same day, Meus filed his own bankruptcy petition. The bankruptcy court dismissed Ms. Andre's petition because it violated the 180-day injunction entered in her prior case.[1]

The October 10, 2011, sale was cancelled due to Meus's bankruptcy filing. Meus's bankruptcy case remained open for several months until the bankruptcy court dismissed it for failure to maintain timely plan payments.

The foreclosure sale was then rescheduled for August 7, 2012. On August 6, 2012, Meus again filed for bankruptcy. The sale was cancelled. The bankruptcy court dismissed Meus's case several months later because Meus failed to attend the meeting of creditors, as required under 11 U.S.C. § 341(d) and Rule 2003(b)(1) of the Federal Rules of Bankruptcy Procedure.

The sale was then rescheduled for November 27, 2013. On November 27, 2013, Ms. Andre filed for bankruptcy. The sale was not cancelled, but was

---

[1]  In its dismissal order, the bankruptcy court enjoined Ms. Andre from filing another bankruptcy petition until April 4, 2012.

4

subsequently set aside.[2]  Ten days after the sale was set aside, Ms. Andre's bankruptcy case was dismissed for failure to maintain timely plan payments.

The sale was then rescheduled for September 11, 2014.  On September 11, 2014, Meus initiated the instant bankruptcy proceedings.  This time, the sale was not cancelled, and the state court issued a certificate of sale on September 12, 2014.  On September 24, 2014, the state court returned the check presented at the foreclosure sale and declined to issue a certificate of title.  On December 10, 2014, the state court reversed course and issued a certificate of title.

**B.    Procedural History**

In October 2014—a month after Meus filed the instant Chapter 13 petition—U.S. Bank moved the bankruptcy court for both prospective and retroactive relief from the automatic stay.  U.S. Bank sought relief that would prevent any bankruptcy filing by either Meus or Ms. Andre from triggering the automatic stay until after (1) the foreclosure sale was completed, (2) the state court issued a certificate of title and writ of possession, and (3) any current occupants were evicted from the property.  It asked that such relief be declared effective *nunc pro tunc* to September 11, 2014.

---

[2]  The state court issued a certificate of sale on December 3, 2013, but did not issue a certificate of title.  On March 3, 2014, the state court vacated the certificate of sale and set aside the sale in its entirety.

5

The bankruptcy court held an evidentiary hearing at which Meus testified that he did not complete his previous bankruptcies because his mortgage company told him that it would work with him on a modification of his mortgage. Meus also testified that he filed the instant petition in good faith and that he intended to make payments and complete his Chapter 13 plan in this case. He further asserted that he was not aware of any of Ms. Andre's bankruptcy filings.

On July 31, 2015, the bankruptcy court ruled in favor of U.S. Bank. It granted U.S. Bank relief from the automatic stay *nunc pro tunc* to September 11, 2014—specifically to encompass the September 11, 2014, foreclosure sale and related proceedings. It also granted U.S. Bank prospective relief for a period of 180 days. In ruling for U.S. Bank, the bankruptcy court found that the serial bankruptcy filings by Meus and Ms. Andre—each within days of a scheduled foreclosure sale—were calculated to hinder, delay, or defraud U.S. Bank.

Meus appealed the bankruptcy court's July 31, 2015, order to the district court. He also moved for a stay of that order pending appeal. The bankruptcy court declined to issue a stay pending the duration of the appeal, but granted a temporary stay so Meus could seek a stay pending appeal from the district court.

In August 2015, the bankruptcy court dismissed Meus's case for failure to maintain timely plan payments.[3]  Meus filed a motion for reconsideration, which the bankruptcy court denied.  Meus appealed the dismissal, and the district court consolidated his appeals.

Meus moved the district court for a stay of the bankruptcy court's July 31, 2015, stay-relief order pending the resolution of his appeals.  On December 2, 2015, the district court denied the motion and declined to issue a stay pending appeal.  The district court subsequently affirmed both the July 31, 2015, stay-relief order and the dismissal of Meus's case.  Meus now appeals to this Court.

## II.    DISCUSSION

### A.    Standard of Review

As the second court of review, we review the bankruptcy court's orders independently of the district court.  *Westgate Vacation Villas, Ltd. v. Tabas (In re Int'l Pharmacy & Disc. II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005).  We review determinations of law made by either court *de novo*.  *Id.*  We review the bankruptcy court's findings of fact for clear error.  *Id.*

### B.    The Order Granting U.S. Bank Relief from the Automatic Stay

Under 11 U.S.C. § 362(d)(4), a bankruptcy court "shall grant relief" from the automatic stay to a creditor whose claim is secured by an interest in real

---

[3]  In its dismissal order, the bankruptcy court enjoined Meus from filing another bankruptcy petition for 180 days.

property if, after notice and a hearing, the court finds that the filing of the bankruptcy petition was "part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 U.S.C. § 362(d)(4)(B).  Here, the bankruptcy court concluded that the series of eight bankruptcy cases filed by Meus and Ms. Andre between 2009 and 2014— each within days of a scheduled foreclosure sale—demonstrated that Meus and Ms. Andre engaged in a "coordinated effort to keep U.S. Bank from collecting." In other words, the "filings were calculated to hinder, delay, or defraud U.S. Bank."  Meus challenges that conclusion on appeal.

Before we can reach Meus's arguments, however, we must determine whether we have jurisdiction to entertain his appeal of the bankruptcy court's July 31, 2015, order granting relief from the automatic stay.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).  We "may not assume jurisdiction for the purpose of deciding the merits of the case."  *Id.* at 431. Indeed, we are obligated to review both our jurisdiction and the district court's jurisdiction before addressing the merits of the appeal.  *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011); *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 818 (11th Cir. 2010).  One jurisdictional issue that we are obligated to consider is mootness.  *See Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005)

8

("[B]ecause the question of mootness is jurisdictional in nature, it may be raised by the court *sua sponte*, regardless of whether the district court considered it or if the parties briefed the issue."). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quoting *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009)).

When a debtor fails to obtain a stay pending appeal of an order granting a creditor relief from the automatic stay and allowing that creditor to foreclose on the debtor's property, a completed foreclosure and sale of the property will render any appeal moot, as this Court is powerless to rescind the completed sale on appeal.[4] *See, e.g.*, *Sewanee Land, Coal & Cattle, Inc. v. Lamb (In re Sewanee Land, Coal & Cattle, Inc.)*, 735 F.2d 1294, 1295–96 (11th Cir. 1984); *see also Hope v. Gen. Fin. Corp. of Ga. (In re Kahihikolo)*, 807 F.2d 1540, 1542–43 (11th Cir. 1987). This principle applies even when the purchaser of the property is a party to the appeal. *See In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d at 1296.

Here, the state court held a foreclosure sale on September 11, 2014, and issued a certificate of sale the following day. The state court subsequently issued a

---

[4] Indeed, once a state-court foreclosure sale is complete, even the bankruptcy court is unable to retroactively void the sale by re-imposing the automatic stay so the debtor can pursue an appeal of a previous order lifting the automatic stay. *Lashley v. First Nat'l Bank of Live Oak (In re Lashley)*, 825 F.2d 362, 364 (11th Cir. 1987).

9

certificate of title to the purchaser of the property on December 10, 2014.  On July 31, 2015, the bankruptcy court retroactively lifted the automatic stay specifically to encompass the September 11, 2014, sale and related proceedings.  Meus moved both the bankruptcy court and the district court for a stay of the bankruptcy court's July 31, 2015, stay-relief order, but both courts denied his request.  Therefore, Meus's appeal of the bankruptcy court's July 31, 2015, stay-relief order became moot, at the latest, on December 2, 2015, when the district court declined to issue a stay of that decision.[5]  *See In re Sewanee Land, Coal & Cattle, Inc.*, 735 F.2d at 1295–96.

Accordingly, we lack jurisdiction to consider the merits of Meus's challenge to the bankruptcy court's order granting relief from the automatic stay.  *See id.*; *see also In re Kahihikolo*, 807 F.2d at 1542–43.

## C.     The Dismissal of the Case

Meus has offered no argument challenging the bankruptcy court's dismissal of his case based on Meus's failure to maintain timely plan payments.  Meus has therefore abandoned any challenge to that decision.  *See, e.g.*, *Timson v. Sampson*,

---

[5]  The bankruptcy court took judicial notice of the docket in the state-court foreclosure proceeding, and copies of that docket were filed in the bankruptcy court by both U.S. Bank and Meus.  The copy filed in the bankruptcy court by Meus indicates that the state court issued a certificate of title on December 10, 2014.  We take judicial notice of the state-court record solely for the purpose of confirming the validity and finality of the foreclosure sale as reflected in the record below.  *See* Fed. R. Evid. 201; *Keith v. DeKalb Cty.*, 749 F.3d 1034, 1041 & n.18 (11th Cir. 2014) (taking judicial notice of a state court's online judicial system).  A review of the state-court docket and the filings in that case confirms that the foreclosure sale remains valid and final.

518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citations omitted)).  It follows that the district court's affirmance of the bankruptcy court's dismissal order is due to be affirmed.  *See id.*; *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–83 (11th Cir. 2014).

## III.    CONCLUSION

For the reasons set out above, we **DISMISS** Meus's appeal of the July 31, 2015, order as moot and **AFFIRM** the district court's affirmance of the bankruptcy court's dismissal of the case.

11