[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10354

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDSON GELIN,
a.k.a. Bo,

Defendant-Appellant.

2                    Opinion of the Court                    22-10354

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cr-00131-CEM-LHP-3

————————————

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges

PER CURIAM:

Edson Gelin, a federal prisoner proceeding *pro se*, appeals the denial of his post-judgment motions for release from prison pending the disposition of certain non-direct criminal appeals, under 18 U.S.C. § 3143, and for disqualification of the district judge to hear the § 3143 motion, under 28 U.S.C. § 455(a).

We are obliged to address our jurisdiction *sua sponte*. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 818 (11th Cir. 2010). Doing so here, we conclude that Mr. Gelin's current appeal is moot.

Article III of the Constitution confines the judicial power of federal courts to deciding actual cases or controversies. *See* U.S. Const. art. III, § 2. A federal court, including an appellate court, does not have jurisdiction to decide questions which have become moot by reason of intervening events. *See, e.g., C & C Prods., Inc. v. Messick*, 700 F.2d 635, 636 (11th Cir. 1983). An issue is moot when it no longer presents a live controversy with respect to which

the court can give meaningful relief. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009).

Here, Mr. Gelin appeals the district court's 2022 denial of his 18 U.S.C. § 3143 motion for release from prison pending the disposition of his consolidated appeals, and its earlier denial of his 28 U.S.C. § 455(a) motion seeking the disqualification of the district judge to hear his § 3143 motion. However, in the intervening period since the filing of the instant appeal, we have entered a judgment in Mr. Gelin's consolidated appeals, affirming the rulings of the district court (including the denial of the post-judgment motion for recusal). *See United States v. Gelin,* Nos. 21-11091, 21-11505, 21-11587, 21-11714, and 21-13012, 2022 WL 10220112 (11th Cir. Oct. 18, 2022) (*Gelin I*) (unpublished). As such, the need for the relief requested by Mr. Gelin as to release pending appeal no longer exists, and we can no longer provide any meaningful relief to him in this respect. This portion of the appeal is therefore dismissed as moot.

As to the appeal of the denial of the post-judgment motion for recusal, we have recently rejected Mr. Gelin's arguments in *Gelin I*, 2022 WL 10220112, at *2. We see no reason to deviate from that decision here.

**APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**